OPINION
{¶ 1} Defendant-appellant, Carl E. Turner, appeals from a judgment of the Franklin County Court of Common Pleas denying defendant's petition for post-conviction relief pursuant to R.C.2953.21. Defendant assigns the following error:
THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN THE TRIAL COURT DISMISSED APPELLANT'S INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL CLAIM.
Because the trial court properly denied the petition, we affirm.
 {¶ 2} By indictment filed June 27, 2003, defendant was charged with one count of kidnapping in violation of R.C.2905.01, and one count of gross sexual imposition in violation of R.C. 2907.05. After defendant waived his right to a jury trial, the matter was tried to the bench. The trial court found defendant guilty of both offenses and sentenced him accordingly.
 {¶ 3} Defendant appealed, contending (1) the judgment was not supported by the sufficiency or manifest weight of the evidence, (2) the prosecutor engaged in prosecutorial misconduct in closing argument, (3) defendant was denied his right to effective assistance of counsel through trial counsel's numerous acts and omissions, and (4) the trial court erred in overruling defendant's Crim.R. 29(A) motion for acquittal. This court affirmed the conviction. See State v. Turner, Franklin App. No. 04AP-364, 2004-Ohio-6609.
 {¶ 4} While the appeal was pending, defendant filed a petition for post-conviction relief. In it he contended trial counsel was ineffective in (1) failing to hire an investigator for defendant's case, and (2) persuading defendant to waive his right to a jury and proceed with a bench trial. Although the state requested dismissal of the entire petition without a hearing, the court held a hearing on defendant's contention that counsel was ineffective in advising defendant to waive his right to a jury trial. By judgment filed February 2, 2005, including findings of fact and conclusions of law, the trial court dismissed both prongs of defendant's petition for post-conviction relief and denied the petition in full.
 {¶ 5} Before we address the merits of defendant's appeal, we note that defendant's petition, filed on November 12, 2004, appears untimely premised on a judgment entry of March 19, 2004. The petition, however, is timely. R.C. 2953.21(A)(2) provides that the petition "shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication[.]" Because the transcript in defendant's direct appeal was not filed until May 18, 2004, his November 12, 2004 petition complies with the time requirements of R.C. 2953.21, and the trial court thus had jurisdiction to consider defendant's petition.
 {¶ 6} Defendant's single assignment of error contends the trial court erred when it dismissed his petition for post-conviction relief claiming ineffective assistance of trial counsel. The post-conviction relief process is a collateral civil attack on a criminal judgment, not an appeal of the judgment.State v. Steffen (1994), 70 Ohio St.3d 399, 410. "It is a means to reach constitutional issues which would otherwise be impossible to reach because the evidence supporting those issues is not contained" in the trial court record. State v. Murphy
(Dec. 26, 2000), Franklin App. No. 00AP-233, discretionary appeal not allowed (2001), 92 Ohio St.3d 1441. Post-conviction review is not a constitutional right but, rather, is a narrow remedy which affords a petitioner no rights beyond those granted by statute.State v. Calhoun (1999), 86 Ohio St.3d 279, 281. A post-conviction petition does not provide a petitioner a second opportunity to litigate his or her conviction. State v.Hessler, Franklin App. No. 01AP-1011, 2002-Ohio-3321, at ¶ 32;Murphy, supra.
 {¶ 7} A defendant seeking to challenge a conviction or sentence through a petition for post-conviction relief under R.C.2953.21 is not automatically entitled to a hearing. Calhoun, at 282; State v. Jackson (1980), 64 Ohio St.2d 107, 110. In reviewing whether the trial court errs in denying a petitioner's motion for post-conviction relief without a hearing, the appellate court applies an abuse of discretion standard.Calhoun, at 284 (stating the post-conviction relief "statute clearly calls for discretion in determining whether to grant a hearing").
 {¶ 8} To warrant an evidentiary hearing on a petition for post-conviction relief, a petitioner bears the initial burden of proving evidence that demonstrates a cognizable claim of constitutional error. R.C. 2953.21(C); Hessler, at ¶ 33. As the Ohio Supreme Court noted in State v. Cole (1982),2 Ohio St.3d 112, 113, a trial court has a statutorily imposed duty to ensure a defendant presents evidence sufficient to warrant a hearing. The evidence must show "there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States." R.C. 2953.21(A)(1)(a); Calhoun, at 282-283. Pursuant to R.C. 2953.21(C), a defendant's petition for post-conviction relief may be denied by a trial court without holding an evidentiary hearing where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that the petitioner set forth sufficient operative facts to establish substantive grounds for relief.Calhoun, at paragraph two of the syllabus.
 {¶ 9} A defendant alleging ineffective assistance of counsel must demonstrate (1) defense counsel's performance was so deficient that he or she was not functioning as the counsel guaranteed under the Sixth Amendment to the United States Constitution, and (2) defense counsel's errors prejudiced defendant, depriving him or her of a trial whose result is reliable. Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052; State v. Bradley (1989), 42 Ohio St.3d 136, paragraph two of the syllabus, certiorari denied (1990),497 U.S. 1011, 110 S.Ct. 3258. In order to secure a hearing on an ineffective assistance of counsel claim in a petition for post-conviction relief, the petitioner bears the initial burden of submitting evidentiary documents that together contain sufficient operative facts which, if believed, would establish defense counsel had substantially violated at least one of the defense attorney's essential duties to his client, and the defendant was prejudiced as a result. Cole, at 114; Jackson,
syllabus. "Judicial scrutiny of counsel's performance must be highly deferential * * * and a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, at 689;Bradley, at 142.
 {¶ 10} Defendant first contends he is entitled to post-conviction relief because counsel was ineffective in failing to hire an investigator. In support of his contention, defendant attached to his petition the affidavit of Harold Newman, an associate minister with New Covenant Believers Church. According to the affidavit, defendant asked for help in paying for investigator fees in this case. In response, Newman approached members of the church, collecting contributions in the amount of $500 to pay for an investigator. Newman avers that a $500 investigator fee was approved and payment was sent via check to defendant's attorney.
 {¶ 11} Initially, defendant failed to provide affidavit evidence that an investigator was not hired. See State v.Pankey (1981), 68 Ohio St.2d 58, 59 (finding conclusory statements without evidentiary support are insufficient to require an evidentiary hearing). Even had defendant presented evidence of counsel's failure to hire an investigator, the record does not demonstrate the lack of an investigator prejudiced defendant. Specifically, nothing in the documentary evidence attached to defendant's petition suggests what an investigator would have uncovered or how discovered information would have positively affected the evidence presented at trial.
 {¶ 12} Because defendant's documentary evidence does not present a cognizable claim that counsel was ineffective in not hiring an investigator, the trial court did not err in failing to conduct an evidentiary hearing.
 {¶ 13} Defendant also asserts trial counsel was ineffective in convincing him to waive his right to a jury trial. Although the trial court conducted a evidentiary hearing concerning defendant's jury waiver claim, the record does not contain a transcript of the hearing or an App.R. 9(C) statement reflecting the evidence presented at the hearing. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199. Here, because the court conducted an evidentiary hearing on defendant's petition, its decision was based on more than the documentary evidence attached to the petition. Lacking access to that evidence, we, under Knapp,
must presume the validity of the trial court's determination.
 {¶ 14} We can, however, review the trial court's findings of fact and conclusions of law. In them, the trial court noted that prior to waiving his right to a jury trial, defendant stated no one pressured him and he signed a jury waiver form indicating he was voluntarily waiving his right to a jury trial. Moreover, the trial court found "highly credible" defense counsel's testimony that defendant's unpaid legal fees played no role in his decision to advise defendant to waive his right to a jury trial. Rather, counsel advised waiver of a jury because defendant had a prior conviction and defendant's picture was on the internet. The trial court concluded those were legitimate factors and found counsel's advice to be a reasonable tactical decision based on sound trial strategy. See State v. Myers, 97 Ohio St.3d 335,2002-Ohio-6658, at ¶ 152 (advising that courts owe some deference to trial counsel's strategic determinations).
 {¶ 15} The trial court, as the trier of fact in the evidentiary hearing, had the prerogative to weigh the credibility of the evidence. See State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. The trial court explained not only that it found defense counsel's testimony highly credible, but why it so determined. Given the lack of a transcript, we cannot say that the trial court's determination is flawed. The trial court thus correctly found no merit in defendant's jury waiver claim.
 {¶ 16} Accordingly, we overrule defendant's single assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
Petree and Travis, JJ., concur.