DECISION AND JUDGMENT
{¶ 1} Appellant appeals her conviction for safecracking and theft, entered on a no contest plea in the Sandusky County Court of Common Pleas. Because we conclude that the trial court erred when it denied appellant's motion for discharge for want of a speedy trial, we reverse. *Page 2 
 {¶ 2} Appellant is Susan A. Halbisen. On March 15, 2006, appellant was arrested on a warrant issued on allegations that, while working as an employee for two families, she entered the gun safe in the home of one family, taking several weapons stored inside. It was further alleged that she took the credit card of her other employer, using it for payment of her own utility bills.
 {¶ 3} The next day, following an initial appearance, she posted bond and was released. On April 10, 2006, the Sandusky County Grand Jury handed down a three count indictment, accusing appellant of two counts of theft and one count of safecracking.
 {¶ 4} On January 31, 2007, appellant, pursuant to R.C. 2945.73, moved to be discharged on the ground that she had not been brought to trial within 270 days of her arrest. The trial court set the motion for a hearing at which the parties informed the court that they proposed to submit the matter on stipulations and written argument.
 {¶ 5} At the hearing, the state presented a recitation of the stipulation:
 {¶ 6} "Your Honor, the stipulation relates to the various times involved in this particular case.
 {¶ 7} "First is [the] relevant timeframe would be March 15th of `06, at which time the complaint was filed charging Ms. Halbisen with these offenses in the Fremont Municipal Court. On 3/16 of `06 she posted bond.
 {¶ 8} "The next relevant timeframe in regard to this case would be on April 10th of `06 when an Indictment was filed. *Page 3 
 {¶ 9} "Subsequent to that there was an arraignment and Attorney Fiegl was appointed on April 27th of `06 and on that date requested discovery.
 {¶ 10} "The State of Ohio responded to the discovery request on May 8th of `06.
 {¶ 11} "Subsequent thereto on June 5 of `06 Attorney Fiegl made a request for move [sic] to withdraw due to a conflict of interest. On that same date an entry was filed in the case appointing Attorney Mayle and permitting attorney Fiegl to withdraw.
 {¶ 12} "On June 12th of `06 a similar entry of appointing Attorney Mayle and permitting Fiegl to withdraw was also filed.
 {¶ 13} "Original trial date, as of 6/5 of `06, was scheduled for June 13th of `06.
 {¶ 14} "On June 15th of `06 a pretrial was held and discovery was completed. Attorney Mayle on that date requested discovery and the State of Ohio complied.
 {¶ 15} "On June 21 of '06 a jury trial was scheduled in this matter for September 5 '06.
 {¶ 16} "* * *
 {¶ 17} "On 1/31 of `07 then Attorney Mayle filed his Motion to Dismiss.
 {¶ 18} "I believe that covers all the things we can agree on."
 {¶ 19} Attorney Mayle responded that the parties had also agreed that the total time elapsed from when the speedy trial time began was 324 days.
 {¶ 20} On February 15, 2007, the parties filed a written joint stipulation, for the most part reiterating the stipulations that had been read into the record, but correcting the date of attorney Fiegl's appointment as March 16, 2006. The written stipulation also *Page 4 
added that, "[o]n September 6, 2006 the case was assigned for trial on October 5, 2006; on October 2, 2006 the case was assigned for trial on January 9, 2007; on January 22, 2007 the case was assigned for trial February 15, 2007 * * *."
 {¶ 21} Shortly after the filing of the written stipulations, the state submitted a memorandum to the court, conceding that appellant had made a prima facie demonstration of a speedy trial violation. Noting that a defense discovery request tolls the speedy trial statute, the state claimed 13 days tolled for defense discovery requests filed on April 27 and June 15, 2006. Additionally, the state claimed 84 days tolled purportedly due to trial delays encountered when appointed counsel changed. Finally, the state insisted that speedy trial time was held in abeyance from June 15, 2006, onward because appellant had failed to respond to the state's reciprocal request for discovery put forward on that date. Attached to the state's memorandum was an unfiled copy of a reciprocal discovery request
 {¶ 22} In her reply to the state's memorandum, appellant conceded 13 days tolling for the time necessary to respond to defense discovery requests. Appellant denied that any time was stayed as the result of counsel change because the record disclosed no continuance requests from appellant, nor any entry charging such delays to her.
 {¶ 23} With respect to time during the pendency of a response to the state's reciprocal discovery request, appellant argued that it was simply improper for the state to raise the issue after the hearing. The request attached to the state's brief had never been filed with the court, appellant insisted. Moreover, the state's insistence that there *Page 5 
remained outstanding discovery was antithetical to the state's own statement during its recitation of the stipulations that "[o]n June 15th of 06 a pretrial was held and discovery was completed." Appellant maintained that, had the issue been raised during the hearing, her response would have been that the reciprocal request was orally responded to during a conference with the prosecutor antecedent to the June 15, 2006 pretrial hearing. "This explains why the state's certificate of service[1] was filed at 10:24 a.m. and why the defense's demand was filed at 1:30 p.m. and why the issue should have been presented at the hearing, not after-the-fact," appellant wrote.
 {¶ 24} On July 6, 2007, the trial court denied appellant's motion for discharge. Taking judicial notice of its own docket, the court said that the state's written demand for discovery on June 15, 2006, although not filed, was served on the appellant as evidenced by the certificate of service. The court said by filing a written demand, it was clear that the state was expecting a written response, and was prejudiced by appellant's failure to provide such response.
 {¶ 25} Appellant subsequently pleaded no contest to the safecracking and theft charges, while the state dismissed one theft count. The court sentenced appellant to 90 days jail time and five years of community control, stayed pending this appeal.
 {¶ 26} Appellant now appeals that decision setting forth the following single assignment of error: *Page 6 
 {¶ 27} "The trial court erred when it denied appellant's motion for discharge upon a factual finding that was contrary to the parties' stipulations."
 {¶ 28} "A person against whom a charge of felony is pending * * * [s]hall be brought to trial within two hundred seventy days after the person's arrest." R.C. 2945.71(C)(2). The time within which an accused must be brought to trial may be extended by "[a]ny period of delay necessitated by reason of a * * * motion, proceeding, or action made or instituted by the accused." R.C. 2945.72 (E). The time may also be extended "by any period of delay occasioned by the neglect or improper act of the accused." R.C. 2945.72 (D).
 {¶ 29} Speedy trial provisions are mandatory. State v. Sanchez,110 Ohio St.3d 274, 2006-Ohio-4478, ¶ 7. Upon review of a speedy trial issue, a court is required to count the days of delay chargeable to either side and determine whether the case was tried within applicable time limits. Id. at ¶ 8. The date of the arrest shall not be counted in determining speedy trial time. Crim. R. 45. Each day in which the accused is held in jail in lieu of bail is counted as three days. R.C. 2945.71(E).
 {¶ 30} The running of speedy trial time is tolled during the reasonable amount of time that it takes the state to respond to a defendant's request for discovery, State v. Brown, 98 Ohio St.3d 121,124, 2002-Ohio-7040, ¶ 22, for the amount of time that a defendant takes to respond to the state's reciprocal request for discovery, State v.Palmer, 112 Ohio St.3d 457, 2007-Ohio-374, paragraph one of the syllabus, and upon a continuance granted upon a defendant's motion.State v. Mincy (1982), 2 Ohio St.3d 6, 7. *Page 7 
 {¶ 31} Appellant concedes that in this matter speedy trial time was tolled for the 13 days necessary for the state to respond to appellant's discovery requests. She insists, however, that no time should be charged to her for trial continuances or for the purportedly unanswered state's reciprocal discovery request from June 15, 2006.
 {¶ 32} When a trial court's judgment entry does not indicate any reason for a sua sponte continuance and makes no identification of a party to whom it is chargeable, the additional time must be counted against the state. State v. Wagner (1993), 88 Ohio App.3d 398, 402, citing Mincy, supra.
 {¶ 33} Except for the initial discovery requests, save for a motion to be permitted to leave the state during Thanksgiving, the record contains literally no motions by appellant for continuances or otherwise until her motion for discharge. Neither is there any document of record sua sponte granting a continuance. Absent such entries, the amount of delay associated with rescheduled trials must be charged to the state.
 {¶ 34} Remaining is the question of the purportedly unanswered reciprocal discovery. In her memorandum to the trial court and again on appeal, appellant insists that it is fundamentally unfair for the court to consider the unfiled documents attached to the state's written argument. If these documents were intended as evidence, appellant argued, they should have been introduced during the evidentiary hearing during which they could have been tested. Moreover, appellant insisted, the state's assertion that there was uncompleted discovery was in conflict with the state's own stipulation recitation that discovery had been completed. Appellant also noted that, although Crim. R. 49 requires *Page 8 
the filing of requests for discovery, the rule does not mandate that discovery responses be filed.
 {¶ 35} A fair reading of the stipulation as articulated by the state during the hearing does not foreclose the submission of evidence beyond the stipulation. Moreover, a court may take judicial notice of its own record in the case before it. Evid. R. 201; State v. Bialek (Feb. 19, 1992), 2d Dist. No. 12323. The documents attached to the state's memorandum, however, were not part of the court's record. Neither were they submitted as evidence during the hearing. It appears that the trail court recognized that these documents should not be considered.
 {¶ 36} What was in the record was the state's certificate indicating that a written request for reciprocal discovery had been sent to the defense. For what it is worth, this is a document which may be properly noticed. It is the next step that is troublesome. The court relied upon this notice as proof that written reciprocal discovery had been requested, then, without any evidence to support the proposition, assumed that, because the state had made a written discovery demand, a written response (presumably filed with the clerk) was required. As a matter of fact, without evidentiary support, the assumption must fail. As a matter of law, as appellant pointed out, there is no rule that discovery responses must be filed. Consequently, the court erred in concluding that speedy trial time was tolled for want of a reciprocal discovery response. Absent such tolling, the only time chargeable to appellant was 13 days, placing the time between her arrest and trial at substantially beyond the statutory 270 day speedy trial limit. *Page 9 
 {¶ 37} Consequently, the trial court erred in denying appellant's motion for discharge. Her sole assignment of error is found well-taken.
 {¶ 38} On consideration whereof, the judgment of the Sandusky County Court of Common Pleas is reversed. This matter is remanded to said court for proceedings consistent with this decision. Appellee is ordered to pay costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of record, fees allowed by law, and the fee for filing the appeal is awarded to Sandusky County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Arlene Singer, J., CONCUR.
[1] The state filed a certificate of service on June 15, 2006, indicating that defense discovery had been received and a response rendered and that reciprocal discovery was demanded. *Page 1