TOLEDO, Appellee,

v.

SAUGER, Appellant.

[Cite as *Toledo v. Sauger*, 179 Ohio App.3d 285, 2008-Ohio-5810.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–07–1411.

Decided Nov. 7, 2008.

David Toska, City of Toledo Chief Prosecuting Attorney, and Arturo M. Quintero, Assistant Prosecuting Attorney, for appellee.

Julie H. Hurwitz and William H. Goodman, for appellant.

———

PIETRYKOWSKI, Presiding Judge.

{¶ 1} Appellant, Jeffrey Sauger, appeals a December 11, 2007 judgment of the Toledo Municipal Court convicting him of the offense of criminal trespass and sentencing him to pay a $50 fine and costs. The offense is a violation of Toledo Municipal Code 541.05 and a fourth-degree misdemeanor. The conviction is based upon a guilty verdict in a three-day jury trial.

{¶ 2} Sauger is a freelance photographer. On December 10, 2005, he came to Toledo to cover a Nationalist Socialist Movement rally. On that date, Sauger was taking photographs while standing inside a barricaded area marked "Media" located on a public street when he was arrested by police. He was charged with criminal trespass. At trial, Sauger testified that a police officer asked him before his arrest whether he had a Toledo Police Department temporary press pass for the event and that he responded that he did not. There was conflicting evidence, however, on whether police also questioned Sauger as to whether he held any other credentials identifying him as a member of the media or gave Sauger an opportunity to present those credentials before his arrest.

{¶ 3} Sauger appeals the judgment to this court. He assigns four errors on appeal:

{¶ 4} "Statement of Assignments of Error

{¶ 5} "Assignment of Error No. 1. Appellant's denial of a speedy trial and lack of informed waiver constitutes reversible error.

{¶ 6} "Assignment of Error No. 2. The jury verdict was not supported by legally sufficient evidence and requires reversal and the conviction vacated. In the alternative, the verdict was against the manifest weight of the evidence and requires a new trial.

{¶ 7} "Assignment of Error No. 3. The trial court's omission of a critical element of the crime from the written jury instructions constituted reversible error.

{¶ 8} "Assignment of Error No. 4. Trial court's failure to either dismiss the charges against appellant based on his constitutional right as a news gatherer or to instruct the jury as to Mr. Sauger's special constitutional protection as a newsgatherer constitutes reversible error.

{¶ 9} "A. The trial court's failure to dismiss the charges against appellant, based on his constitutional right as a news gatherer requires reversal of his conviction and the charges vacated.

{¶ 10} "B. The trial court's failure to instruct the jury as to appellant Sauger's constitutional protection as a news gatherer constitutes reversible error that requires a new trial with a proper instruction."

## Speedy Trial

{¶ 11} R.C. 2945.71(B)(1) requires that a person facing criminal charges for a fourth-degree misdemeanor be brought to trial "[w]ithin forty-five days after the person's arrest or the service of summons." "The time within which an accused must be brought to trial may be extended by '[a]ny period of delay necessitated by reason of a * * * motion, proceeding or action made or instituted

by the accused.' R.C. 2945.72(E). The time may also be extended 'by any period of delay occasioned by the neglect or improper act of the accused.' R.C. 2945.72(D)." *State v. Halbisen,* 6th Dist. No. S–08–001, 2008-Ohio-3699, 2008 WL 2854148, ¶ 28. State and federal rights to a speedy trial can be waived in writing or in open court on the record. *State v. King* (1994), 70 Ohio St.3d 158, 637 N.E.2d 903, at syllabus.

{¶ 12} After arrest on December 10, 2005, Sauger was held in custody for approximately four hours and then released. On December 12, 2005, he was arraigned in Toledo Municipal Court on the criminal trespass charge. He appeared, without an attorney, and pleaded not guilty. The record on appeal reflects that on that date Sauger also signed a written waiver that states: "I hereby voluntarily and expressly waive my constitutional right to a speedy trial and to have this case tried within the time prescribed in R.C. 2945.71."

{¶ 13} Sauger filed two motions to dismiss the trespass charge on speedy-trial grounds in the trial court. The motions were filed on February 13 and June 6, 2007. The trial court denied the first motion in a decision and judgment entry filed on April 2, 2007.

{¶ 14} In overruling the first motion, the trial court held that appellant's speedy-trial waiver, signed on December 12, 2005, constituted an unlimited waiver of the right to a speedy trial under *State v. O'Brien* (1987), 34 Ohio St.3d 7, 516 N.E.2d 218, and that appellant had failed to retract the waiver. Under *O'Brien,* after an unlimited waiver, an accused may not seek dismissal of the criminal charges against him on speedy-trial grounds "unless the accused files a formal written objection and demand for trial, following which the state must bring the accused to trial within a reasonable time." *O'Brien* at paragraph two of syllabus. The trial court also ruled that trial had not been delayed after the waiver beyond a "reasonable time" under *Barker v. Wingo* (1972), 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101.

{¶ 15} On appeal, Sauger limits his assigned error concerning the first motion to dismiss to a claim that the speedy-trial waiver was not valid, as it was not knowingly and voluntarily made. Sauger asserts that he appeared for arraignment without counsel and does not even recall signing any speedy-trial waiver. He also claims that no one had explained to him his rights to a speedy-trial or what it would mean to waive those rights.

{¶ 16} The record includes two signed copies of an express written waiver of speedy-trial rights of unlimited duration. Sauger has not claimed that he was denied his right to legal counsel or that the trial court failed to follow procedures under Crim.R. 10 protecting that right at arraignment. Under Crim.R. 10(C), a judge or magistrate is to inform a defendant of a right to a reasonable

continuance to secure counsel and to have counsel assigned without cost if he is unable to employ counsel. Crim.R. 10(C)(1) and (2).

{¶ 17} No transcript of the arraignment hearing has been filed as part of the record on this appeal. Under these circumstances, we must presume the regularity of proceedings in the trial court. See *State v. Willis* (Mar. 22, 2002), 6th Dist. No. WD–01–009, 2002 WL 444949 (lack of transcript in dispute contesting validity of trial court order assigning reason for continuance to defendant for speedy-trial purposes); *Dublin v. Streb*, 10th Dist. No. 07AP–995, 2008-Ohio-3766, 2008 WL 2896612, ¶ 37 (lack of transcript in dispute as to trial court's order stating that defendant requested a continuance); *State v. Robinson* (Apr. 30, 2002), 10th Dist. No. 01AP–1005, 2002 WL 757350, ¶ 16 (lack of hearing transcripts in dispute as to validity of trial court's conclusion that defendant waived speedy-trial objections to continuance). On this record, there is no factual basis to conclude that the trial court erred in determining that the December 12, 2005 written waiver constituted a valid waiver of speedy-trial rights.

{¶ 18} In the order overruling the first motion to dismiss, the trial court also ordered the parties to schedule the case for trial with the court assignment commissioner on a mutually agreeable date no earlier than April 18, 2007, and no later than May 23, 2007. Nevertheless, the case was scheduled for trial for a later date, August 8, 2007. That date was rescheduled, by order of May 23, 2007, to June 20, 2007. Ultimately the case proceed to trial on September 26, 2007.

{¶ 19} The second speedy-trial argument under assignment of error No. 1 concerns a claimed violation of speedy-trial rights after the court denied the first motion to dismiss. Sauger filed a renewed motion to dismiss on speedy-trial grounds on June 6, 2007, contending that he had been denied the right to a speedy trial following the trial court's ruling of April 2, 2007. Sauger asserts that even were the speedy-trial waiver of December 12, 2005, determined otherwise valid, his filing of a motion to dismiss on speedy-trial grounds acted to revoke the prior waiver. We agree. *State v. Hammitt* (Oct. 20, 2000), 6th Dist. No. OT–00–020, 2000 WL 1545063; *State v. Koch* (Dec. 5, 1997), 6th Dist. No. E–97–005, 1997 WL 771572.

{¶ 20} Sauger argues that speedy-trial time started to run, at the latest, on the date that the February motion to dismiss was denied (April 2, 2007) and that he was required to be tried within 45 days of that date, that is, by May 17, 2007.

{¶ 21} Where a speedy-trial waiver of unlimited duration is revoked, under *State v. O'Brien,* the prosecution must bring the accused to trial "within a reasonable time." *State v. O'Brien,* 34 Ohio St.3d 7, 516 N.E.2d 218, at paragraph two of the syllabus; *State v. Hammitt; State v. Koch,* supra.

{¶ 22} On May 23, 2007, 51 days after the ruling on the first speedy-trial motion, the trial court entered an order scheduling the case for trial on June 20, 2007, and vacating the August 2007 trial date. The trial court stated reasons in the record for the scheduling change: an objection to the August trial date and speedy-trial concerns voiced by defense counsel and the unavailability of the trial judge for trial from April 3 until April 30, 2007, due to medical leave.

{¶ 23} Sauger filed the second speedy-trial motion on June 6, 2007. The motion was filed 65 days after the trial court overruled the first speedy-trial motion. No tollable event chargeable to appellant occurred after the denial of the original motion to dismiss and until the filing of the second motion to dismiss on speedy-trial grounds on June 6, 2007. (Sauger's objections to the August trial date did not delay trial. It resulted in an earlier trial date.)

{¶ 24} The court did not rule on the second motion to dismiss on speedy-trial grounds until trial commenced on September 26, 2007. The June 20, 2007 trial date was continued until September. Under a June 13, 2007 journal entry, the continuance was charged to Sauger's own motion to vacate the June trial date.

{¶ 25} Under *State v. King,* a trial court may grant a continuance sua sponte for its own purposes and with speedy-trial time tolled under R.C. 2945.72(H) only if the delay is "reasonable and only when the continuances are made by journal entry prior to the expiration of the time limit." *State v. King,* 70 Ohio St.3d at 162, 637 N.E.2d 903. Appellant argues that the May 23, 2007 entry was untimely to toll the running of speedy-trial time due to the medical leave of the trial judge because the speedy-trial time expired on May 17, 2007.

{¶ 26} Here, the journal entry disclosing the unavailability of the court for trial from April 3 to April 30, 2007, was not filed until more than 45 days after the trial court overruled the first speedy-trial motion. The June 20, 2007 trial date set under the order was for a date 79 days after the court overruled the original motion to dismiss on speedy-trial grounds. Under R.C. 2945.71(B)(1), fourth-degree misdemeanors are to be brought to trial within 45 days.

{¶ 27} We conclude, under the circumstances, that the city failed to bring appellant to trial within a reasonable period of time after he revoked his unlimited waiver of speedy-trial rights. Appellant's assignment of error No. 1 is well taken to the extent that it relates to failure to bring him to trial within a reasonable time after he asserted his right to a speedy trial in the original motion to dismiss.

{¶ 28} Because appellant's conviction must be reversed due to violation of his right to a speedy trial, R.C. 2945.73, appellant's second, third, and fourth assignments of error are rendered moot. The judgment of the Toledo Municipal Court is hereby reversed. Pursuant to App.R. 12(B) and R.C. 2945.73(B), the

Toledo Municipal Court judgment of conviction and sentence for the offense of criminal trespass, a violation of Toledo Municipal Code 541.05, is vacated and the criminal charge against appellant is dismissed.

Judgment reversed.

SINGER and SKOW, JJ., concur.