DECISION AND JUDGMENT
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas which found appellant guilty of aggravated robbery with a firearm specification, in violation of R.C. 2911.01(A)(1) and 2941.145. For the reasons set forth below, this court affirms the judgment of the trial court. *Page 2 
 {¶ 2} Appellant, Christopher Talley, sets forth the following three assignments of error:
 {¶ 3} "FIRST ASSIGNMENT OF ERROR. APPELLANT'S RIGHT TO A SPEEDY TRIAL WAS VIOLATED UNDER R.C. 2945.71, SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION, AND THE SIXTH AND FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.
 {¶ 4} "SECOND ASSIGNMENT OF ERROR. THE DISMISSAL OF POTENTIAL JURORS THROUGH PEREMPTORY CHALLENGES IN VIOLATION OF THE EQUAL PROTECTION CLAUSE.
 {¶ 5} "THIRD ASSIGNMENT OF ERROR. DENIAL OF APPELLANT'S MOTION FOR A JUDGMENT OF ACQUITTAL PURSUANT TO CRIMINAL RULE 29."
 {¶ 6} The following undisputed facts are relevant to the issues raised on appeal. On the afternoon of September 27, 2006, appellant and a co-defendant entered "Mike's Carryout" in North Toledo. The carryout owner recognized appellant from having observed him around the neighborhood. Appellant proceeded to rob the carryout owner at gunpoint.
 {¶ 7} Upon arrival at the crime scene, police officers were provided eyewitness accounts of descriptions of the suspects and an exact location where the suspects had fled immediately following the robbery. During their search of the premises, the officers located appellant hiding under a bed in an upstairs bedroom. The officers then recovered *Page 3 
the small silver automatic handgun used in the robbery and the stolen cash from appellant's person. The carryout owner positively identified appellant as the perpetrator in the police lineup.
 {¶ 8} On October 5, 2006, appellant was indicted on one count of aggravated robbery with a firearm specification, in violation of R.C. 2911.01(A)(1) and 2941.145. On January 25, 2007, a motion to suppress was withdrawn based upon evidentiary reasons. In the course of that motion hearing, a speedy trial deadline of February 20, 2007, was calculated and placed on the record. The court then set a timely trial date of February 14, 2007.
 {¶ 9} On February 14, 2007, Lucas County sustained a Level 3 snow emergency. During the snow emergency, the courthouse suffered power outages and phone system interruptions. Based upon these exigent emergency conditions, the trial court sua sponte vacated the trial date for various safety and logistical reasons.
 {¶ 10} On February 15, 2007, a substitute trial date of March 26, 2007, was selected on the record in collaboration with all of the parties. Prior to this, a timely alternative trial date was offered by the court, accepted by the state, but rejected by counsel for appellant. Counsel for appellant stated to the court that the alternative timely trial date, commencing on February 20, 2007, within the statutory timeframe, was not workable with his schedule.
 {¶ 11} On March 26, 2007, the case proceeded to trial. The jury found appellant guilty. On April 18, 2007, appellant was sentenced to a term of incarceration of seven *Page 4 
years. Appellant requested appointment of counsel for an appeal at the commencement of the sentencing hearing. It was granted. Timely notice of appeal was filed.
 {¶ 12} In his first assignment of error, appellant contends that his right to a speedy trial was violated. In support, appellant relies upon the fact that he explicitly refused to waive speedy trial time limits on the record.
 {¶ 13} Appellant's fundamental argument fails to consider that waiver is not always required in order for a trial to be properly conducted beyond the statutory time limit. R.C. 2945.72(H) establishes that a court may properly sua sponte continue a trial beyond the time limit indicated by R.C. 2945.71 so long as the continuance is made by journal entry prior to the expiration of the time limit and the continuance is reasonable.
 {¶ 14} The validity of this statutory exception to speedy trial deadlines has been recognized and affirmed by the Supreme Court of Ohio. The Supreme Court of Ohio has upheld the principle that a sua sponte continuance beyond the statutory time limit is proper so long as it is done on the record with an explanation prior to expiration of the time limit and is reasonable. State v. King, 70 Ohio St.3d 158,1994-Ohio-412, paragraph two of the syllabus. See, also, Toledo v.Sauger, 6th Dist. No. L-07-1411, 2008-Ohio-5810.
 {¶ 15} We have carefully reviewed the record from below and find that the trial court properly acted within its statutory right to sua sponte continue appellant's trial date beyond the statutory time limit, pursuant to R.C. 2945.72(H). On February 15, 2007, prior to the expiration of the time limit, the trial court thoroughly delineated the *Page 5 
compelling reasons for its continuance by journal entry. A Level 3 snow emergency precluded the conduct of trial on February 14, 2007. The trial court exercised its right and fully comported with the parameters of R.C. 2945.72(H) in sua sponte continuing the trial on the record prior to expiration, furnished an explanation, and implemented a reasonable continuance to the next date available to all necessary parties. Appellant's first assignment of error is found not well-taken.
 {¶ 16} In appellant's second assignment of error, he contends that appellee violated Batson v. Kentucky (1986), 476 U.S. 79, in the course of exercising its peremptory challenges of two potential jurors.
 {¶ 17} The United States Supreme Court has determined that it is unconstitutional for a prosecutor to challenge a prospective juror on the sole basis of race in the belief that race could prevent juror impartiality. Batson at 89.
 {¶ 18} To prevail on a Batson claim, the defendant must satisfy a three-part test in order to establish that the use of a disputed peremptory challenge was improperly, racially motivated. First, a prima facie case must be shown that the prosecutor exercised the peremptory challenge against a member of a racial group under circumstances from which an inference can be made that the exclusion was race based. Second, the state must demonstrate a race neutral explanation for the exercise of its peremptory challenge in response to a Batson objection. Finally, the trial court must weigh both sides and determine whether the defendant has proven a Batson violation. *Page 6 
 {¶ 19} Appellate courts review Batson determinations with great deference. Batson judgments will be reversed only if found to be clearly erroneous. State v. White (1999), 85 Ohio St.3d 433, 437.
 {¶ 20} Applying these principles to the instant case, we note that the prosecution exercised peremptory challenges against two African American male prospective jurors. Batson objections were made. The state proffered race neutral explanations in response to the objections. The state explained that one juror was challenged for sleeping during voir dire and the other for exhibiting apathy and disinterest in the process and the proceedings. The trial court concurred and denied appellant'sBatson challenges.
 {¶ 21} We have carefully reviewed the record and find no evidence to suggest the trial court's denial of appellant's Batson challenges was clearly erroneous. On the contrary, we find that the state established proper, race-neutral bases for the use of peremptory challenges. We find appellant's second assignment of error not well-taken.
 {¶ 22} In appellant's third assignment of error, he contends that the trial court erred in denying his Crim. R. 29 motion for acquittal. In support, appellant argues that because the trigger of his handgun was in a "stuck" condition, it should not be construed to be a statutory "firearm."
 {¶ 23} Contrary to appellant's assertion, the record contains expert testimony establishing that appellant's handgun could easily be rendered operable by simply pushing on an exposed "cam." R.C. 2923.11(B)(1) establishes that "firearm" includes any weapon that is inoperable but can readily be rendered operable. That is precisely the *Page 7 
scenario presented in this case. We find appellant's third assignment of error not well-taken.
 {¶ 24} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the cost of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Mark L. Pietrykowski, P.J., William J. Skow, J., Thomas J. Osowik, J., CONCUR. *Page 1