[Cite as *Grove City v. Ricker*, 2014-Ohio-1808.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

City of Grove City,                           :

      Plaintiff-Appellee,            :

                                    No. 13AP-766

v.                                             :         (M.C. No. 2013 TRD 01523)

James G. Ricker,                              :         (REGULAR CALENDAR)

      Defendant-Appellant.           :

---

## D E C I S I O N

### Rendered on April 29, 2014

---

*Frost Brown Todd LLC*, and *Adam R. Hanley*, for appellee.

*James G. Ricker*, pro se.

---

### APPEAL from the Franklin County Municipal Court

SADLER, P.J.

{¶ 1} Defendant-appellant, James G. Ricker, pro se, appeals from the judgment of the Franklin County Municipal Court convicting him of a minor misdemeanor speeding offense in violation of Grove City Ordinance 333.03(c). For the following reasons, we affirm the judgment of the trial court.

## I. BACKGROUND

{¶ 2} On September 30, 2010, appellant was cited with a speeding offense in violation of Grove City Ordinance 333.03(c), a misdemeanor of the fourth degree. Prior to trial, the trial court, over appellant's objection, allowed appellee to amend the speeding offense from a misdemeanor of the fourth degree to a minor misdemeanor speeding offense in violation of the same statute. Grove City Ordinance 333.03(c) provides, "[i]t is prima facie unlawful for any person to exceed any of the speed limitations * * *

established pursuant to this section by the Director or local authorities." The case proceeded to trial. Because appellant has not provided a transcript for our review, our discussion of the facts is constrained to the detailed August 27, 2013 entry of the trial court.

{¶ 3} According to the trial court's entry, Officer Douglas Stonerock of the Grove City Police Department testified that, on June 4, 2013, he visually observed appellant driving a red Mini Cooper eastbound on Stringtown Road traveling in excess of 50 miles per hour in a 35 miles per hour zone. Stonerock, using a Golden Eagle II radar, confirmed appellant's speed to be 56 miles per hour. The trial court determined the device operated off the radar principles commonly accepted as reliable in the scientific community and took judicial notice of the scientific reliability of the radar device.

{¶ 4} According to the trial court's entry, appellant testified that he believed he was driving a reasonably safe speed and kept assured clear distances from vehicles around him, but admitted he was not watching his speedometer. Appellant testified it was possible he exceeded the posted speed limit "at the merge; but he didn't see how he could have been traveling 56 miles per hour for any length or consistent time." (Aug. 27, 2013 Entry, 4.) The trial court found appellant "guilty of speeding, specifically traveling 56 miles per hour in a posted 35 miles per hour zone and that this speed was unreasonable and unsafe for the conditions on that date and time." (Aug. 27, 2013 Entry, 4.) This appeal followed.

## II. ASSIGNMENTS OF ERROR

{¶ 5} Appellant asserts the following assignments of error for our review:

> I. A mistrial should be granted based on the fact that James G. Ricker was granted a trial by jury not once, but three times, and then denied a jury trial. Mr. Ricker objected to the prosecutors decision to remove the trial by jury and put the decision in the hands of Judge Carrie E. Glaeden. Judge Glaeden erroneously over rulled Mr. Rickers objection.
>
> II. The trial was not based on the contention that the violation should be based on the state law of presumed safe speed, but was judged on the assumpiton of the infallibility of the radar unit.

(Sic passim.)

## III.  DISCUSSION

### A.  First Assignment of Error

{¶ 6}   In appellant's first assignment of error, he contends that his right to a trial by jury was violated when the trial court permitted, over his objection, the offense to be amended from a violation of Grove City Ordinance 333.03(c), a fourth-degree misdemeanor, to a minor misdemeanor.  Appellant argues the denial of his right to a jury trial should have resulted in a mistrial.

{¶ 7}   Although appellant has failed to file a transcript, because the trial court's entry references appellant's objection and includes its disposition of the same, we can review the trial court's conclusion of law.  *State v. Turner*, 10th Dist. No. 05AP-220, 2005-Ohio-6883, ¶ 14.   Initially, to the extent appellant challenges the legality of the amendment of the offense to a minor misdemeanor, we find the amendment was permissible.  Civ.R. 7(D); *State v. Corbissero*, 11th Dist. No. 2011-A-0028, 2012-Ohio-1449, ¶ 61; *State v. Washington*, 9th Dist. No. 24997, 2010-Ohio-3389, ¶ 12; *State v. Davis*, 121 Ohio St.3d 239, 2008-Ohio-4537.

{¶ 8}   Appellant next contends he was denied his right to a trial by jury.  Pursuant to R.C. 2945.17(B)(1), the right to be tried by a jury does not extend to minor misdemeanors.  The right to a jury trial "essentially follows the degree of [the] offense." *Village of Gates Mills v. Welsh*, 146 Ohio App.3d 368, 372 (8th Dist.2001), citing R.C. 2945.17.  Accordingly, once the offense was amended to a minor misdemeanor, it was not error for the trial court to proceed as the trier of fact.

{¶ 9}   Appellant next argues the trial court should have declared a mistrial.  Upon review, the record is bereft of any evidence that appellant raised this issue to the trial court.  It is well-settled law that issues raised for the first time on appeal are not properly before this court and will not be addressed.  *State v. Melhado,* 10th Dist. No. 13AP-114, 2013-Ohio-3547, ¶ 19; *State v. Ikharo,* 10th Dist. No. 05AP-167, 2005-Ohio-6616, ¶ 12. Having failed to raise this issue below, appellant is barred from raising this issue for the first time on appeal.

{¶ 10} For the above stated reasons, appellant's first assignment of error is overruled.

**B. Second Assignment of Error**

{¶ 11} We interpret appellant's second assignment of error to challenge both the sufficiency and weight of the evidence in support of the trial court's decision. Specifically, appellant argues both that the evidence adduced at trial demonstrated he was traveling at a reasonably safe speed and that the radar was "inconclusive based on the traffic and the short distance that [he] traveled." (Appellant's brief, 4.)

{¶ 12} "It is the appellant's responsibility to include all the evidence in the appellate record so that the claimed error is demonstrated to the reviewing court." *State v. Rucker*, 10th Dist No. 12AP-791, 2013-Ohio-2215, ¶ 24. "A criminal defendant must suffer the consequences of nonproduction of an appellate record where such nonproduction is caused by his or her own actions." *State v. Jones*, 71 Ohio St.3d 293, 297 (1994), citing *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197 (1980). Without a transcript, "we cannot review any of appellant's assignments of error that rely upon factual issues in dispute, and we must presume regularity of the proceedings under such circumstances" and affirm the judgment of the trial court. *Gomez v. Kiner,* 10th Dist. No. 11AP-767, 2012-Ohio-1019, ¶ 5; *State v. Searcy,* 10th Dist No. 12AP-99 (Dec. 31, 2012) (memorandum decision).

{¶ 13} Appellant's assigned error requires that we review the testimony and evidence presented at trial. Nevertheless, appellant has failed to provide a transcript. As such, we are unable to review the factual issues in dispute, and we must presume the regularity of the proceedings and affirm the trial court's judgment.

{¶ 14} Accordingly, appellant's second assignment of error is overruled.

**IV. CONCLUSION**

{¶ 15} Having overruled appellant's first and second assignments of error, we affirm the judgment of the Franklin County Municipal Court.

*Judgment affirmed.*

TYACK and BROWN, JJ., concur.

_____