[Cite as *State v. Tingler*, 2016-Ohio-3376.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio                                  Court of Appeals No. OT-15-015

      Appellee                         Trial Court No. 14CR044

v.

Charles Tingler                            **DECISION AND JUDGMENT**

      Appellant                        Decided:  June 10, 2016

* * * * *

Mark E. Mulligan, Ottawa County Prosecuting Attorney, and
Joseph H. Gerber, Assistant Prosecuting Attorney, for appellee.

James J. Popil, for appellant.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Charles Tingler, appeals the May 13, 2015 judgment of the

Ottawa County Court of Common Pleas.  For the reasons that follow, we affirm, in part,

reverse, in part, and remand for proceedings consistent with this decision.

**{¶ 2}** Appellant sets forth four assignments of error:

I. The trial court committed reversible error when it failed to credit appellant with the total number of days of jail time served[.]

II. The trial court committed reversible error when it ordered appellant to pay restitution without a hearing pursuant to R.C. § 2928.18(A)(1)[.]

III. The trial court committed reversible error when it denied appellant's motion to dismiss indictment as the state violated appellant's constitutional right to a speedy trial[.]

IV. Appellant was denied the effective assistance of counsel[.]

**{¶ 3}** On April 21 and 25, 2014, several telephone calls were placed making either a gun threat or bomb threats to schools. As a result of these calls, the Ottawa County Grand Jury issued a nine-count indictment against appellant on May 14, 2014. Counts 1, 3 and 7 charged appellant with inducing panic, in violation of R.C. 2917.31(A)(1), felonies of the second degree. Counts 2, 4 and 8 charged appellant with disrupting public services, in violation of R.C. 2909.04(A)(3), felonies of the second degree. Counts 5 and 6 charged appellant with making false alarms, in violation of R.C. 2917.32(A)(1), first degree misdemeanors. Count 9 charged appellant with aggravated menacing, in violation of R.C. 2903.21(A), a first degree misdemeanor. Appellant was arrested, arraigned and pled not guilty.

2.

**{¶ 4}** On July 8, 2014, the state filed a motion to amend Counts 5 and 6 of the indictment summary to read "'Disrupting Public Services O.R.C. 2917.32(A)(1)' instead of 'Disrupting Public Services O.R.C. 2909.04(A)(1).'" The amendments were allowed.

**{¶ 5}** On November 12, 2014, appellant filed a motion to dismiss and/or quash the indictment arguing the indictment set forth two separate crimes in Counts 5 and 6, disrupting public services, in violation of R.C. 2909.04(A)(1) and making false alarms, in violation of R.C. 2917.32(A)(1). In addition, appellant asserted the indictment alleged Counts 2, 4 and 8 were felonies of the second degree, when these crimes were felonies of the fourth degree.

**{¶ 6}** On November 13, 2014, the state filed a motion to amend the indictment summary requesting the summary reflect that Counts 2, 4 and 8 of the indictment were felonies of the fourth degree and Counts 5 and 6 were violations of R.C. 2917.32(A)(1), making false alarms. The trial court granted the motion to amend.

**{¶ 7}** On February 11, 2015, the trial court granted appellant's motion to dismiss as to Counts 5 and 6 of the indictment, but denied the motion as to Counts 2, 4 and 8. The trial court found amended Counts 5 and 6 changed the name of the crime, but amended Counts 2, 4 and 8 decreased the penalty and did not change the name and identity of the charge. On March 16, 2015, the state filed a motion to dismiss Counts 3 and 4 of the indictment; these counts were dismissed.

**{¶ 8}** A jury trial commenced on March 17, 2015, as to Counts 1, 2, 7, 8 and 9 of the indictment. On March 18, 2015, the jury found appellant not guilty of Count 2 of the

3.

indictment and guilty of Counts 1, 7, 8 and 9.  The trial court held a sentencing hearing on May 13, 2015, and filed its sentencing judgment entry on that same day.  The court sentenced appellant to a total of four years in prison.  Appellant timely appealed.

### First Assignment of Error

{¶ 9} In his first assignment of error, appellant contends the trial court failed to include his jail-time credit in the May 13, 2015 judgment entry of sentence.

{¶ 10} The state concedes appellant is entitled to credit for time served during his pretrial incarceration, but argues the remedy is with the adult parole authority; a remand to the trial court is not needed.

{¶ 11} Pursuant to R.C. 2967.191 "the department of rehabilitation and correction shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced * * *."  However, it is the trial court's responsibility to properly calculate the jail-time credit and include it in the body of the sentencing order; the failure to do so is plain error.  *State v. Collier*, 184 Ohio App.3d 247, 2009-Ohio-4652, 920 N.E.2d 416, ¶ 18 (10th Dist.).  Moreover, "a defendant may only contest a trial court's calculation of jail-time credit in an appeal from the judgment entry containing the allegedly incorrect calculation."  *State v. Lomack*, 10th Dist. Franklin No. 04AP-648, 2005-Ohio-2716, ¶ 11.

4.

**{¶ 12}** Here, we find the trial court erred by failing to specify in the sentencing judgment entry the number of days of jail-time credit to which appellant was entitled. Accordingly, appellant's first assignment of error is well-taken.

## Second Assignment of Error

**{¶ 13}** In his second assignment of error, appellant contends the trial court erred when it ordered him to pay restitution without holding a hearing, pursuant to R.C. 2928.18(A)(1).

**{¶ 14}** R.C. 2929.18(A) provides in relevant part:

[T]he court imposing a sentence upon an offender for a felony may sentence the offender to any financial sanction * * * authorized under this section * * *. Financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following:

(1) Restitution by the offender to the victim of the offender's crime * * *, in an amount based on the victim's economic loss. If the court imposes restitution, the court shall order that the restitution be made to the victim in open court[.] * * * If the court decides to impose restitution, the court *shall hold a hearing on restitution if the offender * * * disputes* the amount. (Emphasis added.)

**{¶ 15}** "R.C. 2929.18 permits a trial court to impose financial sanctions on a defendant, including restitution and reimbursements, subject to the defendant's

opportunity to dispute the amounts imposed." *State v. Dahms*, 6th Dist. Sandusky No. S-11-028, 2012-Ohio-3181, ¶ 15.

{¶ 16} Here, a review of the record reveals at the sentencing hearing the court stated, "[a]s to restitution, is that an agreed amount or is that to be set for a hearing?" The prosecutor replied, "I don't know, Your Honor. I haven't spoken to - - [.]" The court responded, "- - All right. We will set that for a hearing." However, no hearing was held. Then, in the sentencing judgment entry, the court set forth "[p]ursuant to the agreement of the parties Defendant shall pay restitution in the amount of $1,605.03 * * * and $945.99." There is nothing in the record which indicates the parties agreed upon these amounts of restitution. Since no restitution was ordered at the sentencing hearing and there is no evidence of an agreement concerning the amounts of restitution, appellant was denied the opportunity to dispute the amounts imposed. We find the trial court erred in failing to hold a hearing on restitution. Accordingly, appellant's second assignment of error is well-taken.

## Third Assignment of Error

{¶ 17} In his third assignment of error, appellant argues the trial court should have granted his motion to dismiss because his right to a speedy trial was violated. Appellant contends after he was indicted, he signed time waivers on June 5 and July 15, 2014. Subsequently, the indictment was amended twice, but appellant did not sign any time waiver for the amendments to the indictment. Appellant submits the time waivers he executed were relative to the original indictment not the amendments.

6.

{¶ 18} The state contends appellant did not move to dismiss the indictment on speedy-trial grounds before trial and therefore waived this argument on appeal.

{¶ 19} A criminal defendant is afforded the right to a speedy trial under the federal and state constitutions. Sixth and Fourteenth Amendments to the U.S. Constitution; Ohio Constitution, Article I, Section 10. In Ohio, that right is set forth in the speedy trial statute, R.C. 2945.71, which requires a defendant to be tried within 270 days of arrest.

{¶ 20} A defendant can waive his right to a speedy trial, when a defendant, knowingly and voluntarily, executes an express written waiver. *State v. O'Brien*, 34 Ohio St.3d 7, 516 N.E.2d 218 (1987), paragraph one of the syllabus. "For a waiver to be entered into knowingly, it is elementary that the defendant understand the nature of the charges against him, as well as know exactly what is being waived and the extent of the waiver." *State v. Adams*, 43 Ohio St.3d 67, 69, 538 N.E.2d 1025 (1989). "The United States Supreme Court found that impairment of an accused's defense was the most serious interest protected by the speedy-trial provisions, 'because the inability of a defendant adequately to prepare his case skews the fairness of the entire system.'" *Id.* at 70, quoting *Barker v. Wingo*, 407 U.S. 514, 532, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).

{¶ 21} When a defendant executes an express written waiver of unlimited duration of his speedy-trial rights, the defendant is not entitled to a dismissal due to a delay in bringing him to trial unless the defendant has filed a formal written objection to any further continuances and has made a demand for trial. *O'Brien* at paragraph two of the syllabus. However, if a defendant files a motion to dismiss on speedy-trial grounds, any

7.

prior waiver of the right to a speedy trial is revoked. *Toledo v. Sauger*, 179 Ohio App.3d 285, 2008-Ohio-5810, 901 N.E.2d 826, ¶ 19 (6th Dist.).

{¶ 22} Here, appellant did not file any formal written objections to the trial court's continuances, nor did he file a formal demand for trial. Appellant did file a motion to dismiss, which included a speedy-trial argument. Therefore, the issue of appellant's right to a speedy trial was preserved for appeal.

{¶ 23} Appellant observes the trial court granted the state's motion to amend Counts 5 and 6 of the indictment, which allowed the state to add new, different charges, and the trial court also allowed the state to amend Counts 2, 4 and 8 to reflect these charges were fourth degree felonies, not second degree felonies as set forth in the original indictment. Appellant claims he did not sign any time waiver for the amendments to the indictment. Appellant notes the trial court reversed its order as to amended Counts 5 and 6, ruling these counts must be dismissed. Appellant argues between November 19, 2014 and February 11, 2015, there was an invalid, defective amended indictment with no time waiver. Appellant asserts he "had not knowingly, voluntarily or intelligently waived his speedy trial time as to charges he was not aware."

{¶ 24} Crim.R. 7(D) provides "the trial court may at any time before, during or after a trial amend the indictment * * * provided no change is made in the name or identity of the crime charged." However, there is distinction between an amendment to the original charge and a different charge based on the same facts and circumstances as the original charge. *State v. Butt*, 2d Dist. Montgomery No. 16215, 1997 WL 568013, *2

8.

(Aug. 29, 1997). A different charge creates an additional burden on the defendant's liberty interests. *Id.* An amendment which does not change the name or identity of the crime charged creates no additional burden to the defendant's liberty. *State v. Campbell*, 150 Ohio App.3d 90, 2002-Ohio-6064, 779 N.E.2d 811, ¶ 24 (1st Dist.). So long as the amendment is consistent with Crim.R. 7(D), the speedy trial time waiver applicable to the original charge relates to the amended charge. *Id.*

{¶ 25} An amendment which changes the degree or penalty of a crime is not permitted if the amendment increases the degree or penalty or fundamentally alters the nature of the charge to the prejudice of the defendant. *State v. Davis*, 121 Ohio St.3d 239, 2008-Ohio-4537, 903 N.E.2d 609, ¶ 12. When an indictment is amended to decrease the degree or penalty associated with the crime charged, the amendment is permissible. *Grove City v. Ricker*, 10th Dist. Franklin No. 13AP-766, 2014-Ohio-1808, ¶ 7.

{¶ 26} Here, there were two amended indictments against appellant, one involving Counts 5 and 6 and the other concerning Counts 2, 4 and 8. Ultimately, amended Counts 5 and 6 were dismissed by the trial court because the name of the crime was changed. Amended Counts 2, 4 and 8 remained pending.

{¶ 27} Since amended Counts 5 and 6 were dismissed prior to trial and appellant has not shown he was prejudiced by these amended charges, any speedy-trial argument appellant may have had regarding these charges is moot. Regarding amended Counts 2, 4 and 8, the amendments are consistent with Crim.R. 7(D). In addition, appellant's ability

9.

to defend himself as to these amended counts was not impaired as he remained apprised of the charges against him, only the penalty had decreased. Thus, the speedy-trial waivers appellant signed for the original charges relate to amended Counts 2, 4 and 8. Since the applicability of the waivers was the only issue raised by appellant in support of his speedy-trial challenge, we find appellant's right to a speedy trial was not violated. Therefore, appellant's third assignment of error is not well-taken.

## Fourth Assignment of Error

{¶ 28} Appellant argues his three court-appointed trial attorneys were ineffective for several reasons. The first attorney, appointed May 16, 2014, did not oppose the state's motion to amend Counts 5 and 6 of the indictment or file any pleadings with respect to the defective indictment. The second attorney, who was appointed August 25, 2014, did not file any pleadings relative to the defective indictment. Appellant submits both attorneys should have filed motions to dismiss, and their failure to do so prejudiced him "as the timeframe for his case to proceed to trial was postponed through no fault of Appellant." The third attorney was appointed October 22, 2014, and thereafter filed the motion to dismiss. Appellant maintains he was prejudiced by the months long delay before five of the nine charges against him were dismissed. Appellant also argues he was prejudiced when his third attorney filed an untimely motion to suppress evidence.

{¶ 29} Appellant asserts his attorneys failed to advocate for him and failed to zealously represent his interests, and their actions and inactions prejudiced him and directly impacted the outcome of the proceedings.

10.

**{¶ 30}** In order to prevail on a claim for ineffective assistance of counsel, an appellant must show trial counsel's performance fell below an objective standard of reasonable representation and prejudice resulted from counsel's deficient performance. *State v. Bradley*, 42 Ohio St.3d 136, 137, 538 N.E.2d 373 (1989), paragraph two of the syllabus, following *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Trial attorneys are entitled to a strong presumption that their conduct falls within the wide range of reasonable assistance. *Strickland* at 688.

**{¶ 31}** Here, appellant identified several errors his court-appointed attorneys may have made during the time they represented appellant in the trial court. However, there is no evidence that appellant was prejudiced by these alleged errors or by the delay caused by the alleged errors. As appellant has not met the burden of proof for demonstrating ineffective assistance of counsel, his fourth assignment of error is not well-taken.

**{¶ 32}** For the foregoing reasons, the judgment of the Ottawa County Court of Common Pleas is affirmed, in part, and reversed, in part. This matter is remanded to the Ottawa County Court of Common Pleas for resentencing with a hearing on the amount of restitution, and inclusion of appellant's jail-time credit for his pretrial period of incarceration. Costs of this appeal are to be split evenly between the parties pursuant to App.R. 24.

Judgment affirmed, in part,
and reversed, in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J. _____

Thomas J. Osowik, J. _____

James D. Jensen, P.J. _____
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.