The STATE of Ohio, Appellant,

v.

KURIGER, Appellee.

[Cite as *State v. Kuriger*, 175 Ohio App.3d 676, 2008-Ohio-1673.]

Court of Appeals of Ohio,
Seventh District, Jefferson County.

No. 07 JE 48.

Decided March 18, 2008.

John J. Mascio, Special Prosecutor, for appellant.

Blake, Hershey & Bednar and Adrian Hershey, for appellee.

DeGenaro, Presiding Judge.

{¶ 1} This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Plaintiff-appellant, the state of Ohio, appeals the decision of the Jefferson County Court of Common Pleas that dismissed the charge of aggravated vehicular homicide that was pending against defendant-appellee, Bradley Kuriger, because of a violation of Kuriger's right to a speedy trial. In this case, Kuriger waived his right to a speedy trial and never demanded that the state bring him to trial within a reasonable time. According to Ohio Supreme Court caselaw, Kuriger cannot complain about the delay following his waiver since he did not subsequently demand a speedy trial. The trial court erred when it dismissed the charge against Kuriger, so its decision is reversed, and this cause is remanded to the trial court for further proceedings.

{¶ 2} On December 15, 2000, Kuriger was involved in an automobile accident in Steubenville, Ohio. As a result of the accident, a passenger in Kuriger's automobile died.

{¶ 3} On January 22, 2001, one count of aggravated vehicular homicide, a first- or second-degree felony depending on the circumstances, was charged against Kuriger in the Steubenville Municipal Court. Kuriger was arraigned on March 29, 2001. Kuriger was represented by counsel at his arraignment and filed a speedy-trial waiver that "irrevocably waived" his speedy-trial rights and request-

ed "an indefinite continuance." A preliminary hearing was scheduled for April 23, 2001.

{¶ 4} On April 18, 2001, the preliminary hearing was continued on Kuriger's motion because he was going to be in the hospital on that date. The trial court did not set a new date for the preliminary hearing.

{¶ 5} No activity occurred in the case until April 3, 2007, when the case was reactivated in the municipal court and a preliminary hearing was scheduled for April 27, 2007. After that hearing, the case was bound over to the court of common pleas on May 22, 2007. The Jefferson County Grand Jury then issued an indictment charging Kuriger with one count of aggravated vehicular homicide on July 11, 2007. Kuriger pleaded not guilty to the indictment on August 27, 2007.

{¶ 6} On September 6, 2007, Kuriger moved to dismiss the indictment because of a violation of his right to a speedy trial. The state opposed this motion in a memorandum filed on September 12, 2007. The trial court heard the motion on September 26, 2007, and in an entry filed on October 12, 2007, granted Kuriger's motion to dismiss.

{¶ 7} The state's sole assignment of error on appeal argues:

{¶ 8} "The trial court committed plain error by ordering the dismissal of the indictment on the grounds of failure to comply with the Appellee's statutory and constitutional rights to a speedy trial."

{¶ 9} In this appeal, the state argues that Kuriger's written waiver of his statutory speedy-trial rights was irrevocable and for an indefinite period and that he did not file a demand for trial. Therefore, it claims that Kuriger can no longer avail himself of Ohio's speedy-trial statutes. Furthermore, it argues that the period of delay was not constitutionally unreasonable. Accordingly, the state believes that the trial court erred when it granted Kuriger's motion to dismiss.

{¶ 10} Ohio recognizes both a constitutional and a statutory right to a speedy trial. *State v. King* (1994), 70 Ohio St.3d 158, 637 N.E.2d 903, syllabus. Section 10, Article I of the Ohio Constitution and the Sixth Amendment to the United States Constitution state that a criminal defendant has the right to a speedy trial. *Klopfer v. North Carolina* (1967), 386 U.S. 213, 223, 87 S.Ct. 988, 18 L.Ed.2d 1; *State v. Selvage* (1997), 80 Ohio St.3d 465, 466, 687 N.E.2d 433.

{¶ 11} The statutory right to a speedy trial is embodied in R.C. 2945.71 to 2945.73. R.C. 2945.71(C)(2) provides that an individual charged with a felony, such as Kuriger, "[s]hall be brought to trial within two hundred seventy days after the person's arrest." If these time limits are not met, then the case must be dismissed. R.C. 2945.73. After the statutory time limit has expired, the

defendant has established a prima facie case for dismissal. *State v. Butcher* (1986), 27 Ohio St.3d 28, 30–31, 27 OBR 445, 500 N.E.2d 1368. The state then has the burden to demonstrate any extension of the time limit. Id. The speedy-trial guarantee is designed "to prevent undue and oppressive incarceration prior to trial, to minimize anxiety and concern accompanying public accusation and to limit the possibilities that long delay will impair the ability of an accused to defend himself." *State v. Adams* (1989), 43 Ohio St.3d 67, 68, 538 N.E.2d 1025, quoting *United States v. Marion* (1971), 404 U.S. 307, 320, 92 S.Ct. 455, 30 L.Ed.2d 468.

{¶ 12} Statutory speedy-trial issues present mixed questions of law and fact. *State v. Hiatt* (1997), 120 Ohio App.3d 247, 261, 697 N.E.2d 1025. Therefore, this court must "accept the facts as found by the trial court on some competent, credible evidence, but freely review the application of the law to the facts." Id. This court must then independently review whether an accused was deprived of his statutory right to a speedy trial, strictly construing the law against the state. *Brecksville v. Cook* (1996), 75 Ohio St.3d 53, 57, 661 N.E.2d 706; *State v. High* (2001), 143 Ohio App.3d 232, 242, 757 N.E.2d 1176.

{¶ 13} In contrast, this court reviews a trial court's decision about whether a delay violated a defendant's constitutional speedy-trial rights for an abuse of discretion. *Selvage*, 80 Ohio St.3d 465, 470, 687 N.E.2d 433. The phrase "abuse of discretion" connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 404 N.E.2d 144. Furthermore, when applying the abuse-of-discretion standard, an appellate court may not generally substitute its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748.

{¶ 14} In this case, Kuriger was first charged with aggravated vehicular homicide on January 22, 2001. This charge was not served upon Kuriger until March 29, 2001. Kuriger was not indicted on the charge until July 11, 2007, and filed his motion to dismiss on September 6, 2007. Far more than 270 days had passed between the time that Kuriger was initially served with notice of the charges and the time he moved for dismissal. Thus, the state bore the burden of demonstrating that Kuriger's statutory speedy-trial rights were not violated.

{¶ 15} The state tries to meet this burden by relying on a speedy-trial waiver that Kuriger signed on March 29, 2001. In that waiver, Kuriger stated his intention to "irrevocably waive my right to a speedy trial, and request an indefinite continuance of the trial of the same."

{¶ 16} The constitutional and statutory right to a speedy trial may be waived so long as the waiver is knowingly and voluntarily made. *King*, 70 Ohio

St.3d at 160, 637 N.E.2d 903, citing *Barker v. Wingo* (1972), 407 U.S. 514, 529, 92 S.Ct. 2182, 33 L.Ed.2d 101. "[A]n accused's express written waiver of his statutory rights to a speedy trial, made knowingly and voluntarily, also constitutes a waiver of his speedy trial rights guaranteed by the United States and Ohio Constitutions." Id. A waiver that expressly waives the accused's right to a speedy trial under the statute without mentioning a specific time period is unlimited in duration, and the accused is not entitled to a discharge for delay in bringing him to trial unless the accused files a formal written objection and demand for trial. *State v. O'Brien* (1987), 34 Ohio St.3d 7, 516 N.E.2d 218, paragraph two of the syllabus.

{¶ 17} In this case, Kuriger's waiver was still in effect when he moved to dismiss his case on speedy-trial grounds, since he had never demanded a trial as required. See *State v. Howard,* 7th Dist. No. 06–MA–31, 2007-Ohio-3170, 2007 WL 1806077, at ¶ 18. Thus, he cannot be discharged for the state's failure to bring him to trial within this period.

{¶ 18} Some may be troubled by this result, given the excessive, six-year delay before the case began to proceed after Kuriger filed his speedy-trial waiver. However, the Ohio Supreme Court's language in *O'Brien*'s syllabus does not allow us to carve out an exception to *O'Brien*'s general rule just because a delay is very, very long. Under *O'Brien*'s language, a defendant must assert his speedy-trial rights after signing a waiver of unlimited duration, and an unreasonable amount of time must pass after the demand for trial before a court can dismiss the charges against a defendant for a violation of his constitutional right to a speedy trial. We do not have the authority, as an intermediate court of appeals, to ignore this clear mandate.

{¶ 19} The trial court abused its discretion when it dismissed the charges against Kuriger. Accordingly, the judgment of the trial court is reversed, and this cause is remanded for further proceedings.

Judgment reversed
and cause remanded.

Vukovich and Waite, JJ., concur.