[Cite as *State v. Boda*, 2013-Ohio-2258.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NOS. 2012-G-3088 and 2012-G-3089** |
| JOSEPH M. BODA, | : | |
| Defendant-Appellant. | : | |

Criminal Appeals from the Chardon Municipal Court, Case Nos. 2011 TRC 02342 and 2011 TRD 02355.

Judgment: Affirmed.

*Dennis M. Coyne*, City of Chardon Prosecutor, 111 Water Street, Chardon, OH 44024 (For Plaintiff-Appellee).

*Paul A. Daher*, 700 West St. Clair Avenue, Suite 218, Cleveland, OH 44113 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} Appellant, Joseph M. Boda, appeals the final sentencing judgments in two criminal actions before the Chardon Municipal Court. In seeking the vacation of his convictions for driving while under the influence of alcohol and failure to control, he contends that both actions should have been dismissed on the basis that he was denied his statutory and constitutional rights to a speedy trial.

{¶2} During the early morning hours of April 23, 2011, appellant was operating

his motor vehicle on Chagrin Mills Road in Geauga County when it was stopped by an officer of the Russell Township Police Department. According to the officer, the stop was based upon his observance of erratic driving by appellant, including the striking of a mailbox as appellant was turning around in a private driveway. Upon conducting field sobriety tests, the officer placed appellant under arrest and ultimately cited him on two OVI offenses and failure to stay within a marked lane of travel. Since the destruction of the mailbox took place in a separate jurisdiction, a second officer issued the citation for failure to control.

{¶3} Appellant was released from the county jail on the same day as his arrest. Three days later, his trial counsel filed a written notice entering a not guilty plea and waving appellant's right to a speedy trial.

{¶4} The initial pretrial conference for both of appellant's cases was scheduled for June 8, 2011. On that date, appellant filed a written motion to continue the pretrial conference on the basis that the parties were still engaging in discovery. This motion contained a separate statement that appellant was waiving his constitutional and statutory rights to a speedy trial. Directly below the statement was appellant's signature.

{¶5} The trial court granted the motion to continue, and the pretrial conference was re-scheduled for July 27, 2011. During the proceeding on that date, appellant's trial counsel informed the court that discovery still had not been completed. As a result, the conference was again postponed. A similar procedure was followed in the scheduled conference of August 15, 2011; i.e., the conference was continued when the trial court was told that discovery was still ongoing. Finally, during the next scheduled conference

of September 7, 2011, the parties were able to report that all discoverable materials had been provided to appellant. However, his trial counsel then requested additional time in which to file a motion to suppress all evidence obtained during the traffic stop.

{¶6} The motion to suppress was eventually filed on October 25, 2011. Over the next six months, no new submissions were filed by either party, and the trial court did not take any steps to go forward on the suppression motion.

{¶7} On May 1, 2012, the trial court issued a notice stating that an evidentiary hearing on the motion to suppress would be held on May 30, 2012. At the beginning of that proceeding, appellant moved the trial court to dismiss all pending charges on the grounds that he had been denied his speedy trial rights. In support of this new motion, his trial counsel argued that an unreasonable amount of time has elapsed between the September 2011 conference and the suppression hearing. The trial court overruled the motion to dismiss, expressly noting that the trial record contained a waiver of appellant's speedy trial rights.

{¶8} After the trial court made its ruling, appellant informed the trial court that he would not be going forward on the motion to suppress. Instead, he agreed to enter a plea of no contest to one charge of driving while under the influence of alcohol, pursuant to R.C. 4511.19(A)(1)(a), and the charge of failure to control his motor vehicle, pursuant to R.C. 4511.202. The remaining two citations were then dismissed. Upon accepting the plea, the trial court found appellant guilty of both offenses and immediately imposed the sentence.

{¶9} In relation to the charge of driving while under the influence, the trial court ordered appellant to serve 180 days in the county jail, with 174 suspended, imposed a

3

$525 fine and costs, suspended his license to drive for one year, and placed him on probation for one year. The trial court levied a $35 fine and costs for failure to control.

{¶10} In appealing both convictions, appellant asserts one assignment of error:

{¶11} "The trial court committed error when it failed to dismiss the indictments against [appellant] because his right to a speedy trial was violated."

{¶12} In claiming that he was denied his constitutional right to a speedy trial, appellant focuses upon the number of days elapsing between filing his motion to suppress and the scheduled hearing date. He submits that the seven-month delay in going forward on the suppression motion was unduly excessive and, thus, was presumptively prejudicial to him. In support, he emphasizes that the record is silent as to why the trial court failed to schedule the evidentiary hearing sooner.

{¶13} In asserting the foregoing argument, appellant acknowledges that, as part of the written notice of his initial plea of not guilty, his trial counsel expressly waived his speedy trial rights. Nevertheless, according to appellant, this waiver was not binding upon him for purposes of contesting the delay in the consideration of his motion to suppress. First, he notes that he personally never signed a written waiver of his rights before the trial court. Second, he asserts that, even if the waiver by his trial counsel was valid, its duration was not unlimited.

{¶14} As a general proposition, the defendant in a criminal action can waive his constitutional and statutory rights to a speedy trial so long as the determination is made both knowingly and voluntarily. *State v. King*, 70 Ohio St.3d 158, 160 (1994). However, "for purposes of trial preparation, a defendant's statutory right to a speedy trial may be waived, with or without the defendant's consent, by the defendant's counsel." *Id.*

4

Furthermore, a valid waiver can be made either in writing or in open court on the record. *Id.* at 161.

{¶15} The written notice of appellant's initial plea also contained an unambiguous waiver of his speedy trial rights signed by trial counsel. Therefore, pursuant to *King*, the written waiver was valid. Simply stated, the governing case law does not require that a defendant sign a written waiver of his speedy trial rights before the trial court.

{¶16} Additionally, appellant's written motion to continue the June 2011 pretrial conference stated: "I waive my statutory, constitutional and procedural rights to a speedy trial." This waiver was signed by appellant. Accordingly, two valid speedy trial waivers were filed.

{¶17} Regarding the duration of a speedy trial waiver, when such a waiver does not contain any reference to a specific time period, it will be deemed to be unlimited in duration. *See State v. Kuriger*, 175 Ohio App.3d 676, 2008-Ohio-1673, ¶16 (7th Dist.2008); *State v. Peek*, 9th Dist. No. 10CA0040, 2011-Ohio-3624, ¶6. Neither of the two valid waivers referred to a specific time frame or limit. Thus, there was no limit to the duration of appellant's speedy trial waiver.

{¶18} "'[F]ollowing an express written waiver of unlimited duration by an accused of his speedy trial rights[,] the accused is not entitled to a discharge for delay in bringing him to trial unless the accused files a formal written objection to any further continuances and makes a demand for trial, following which the state must bring him to trial within a reasonable time.'" *State v. Braden*, 197 Ohio App.3d 534, 2011-Ohio-6691, ¶41 (11th Dist.2011), quoting *State v. O'Brien*, 34 Ohio St.3d 7, 9 (1987).

{¶19} Prior to orally moving for dismissal of the pending charges at the outset of the suppression hearing, appellant never submitted a written objection or demanded a hearing on his pending motion. To this extent, appellant failed to withdraw his speedy trial rights waiver. Accordingly, the trial court correctly denied the motion to dismiss as there was a valid waiver of speedy trial rights.

{¶20} It is the judgment and order of this court that the judgments of the Chardon Municipal Court are affirmed.

TIMOTHY P. CANNON, P.J.,

COLLEEN MARY O'TOOLE, J.,

concur.