[Cite as *State v. Schwentker*, 2015-Ohio-5526.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**ASHTABULA COUNTY, OHIO**

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellant, | : | |
| - vs - | : | **CASE NO. 2015-A-0012** |
| FRED M. SCHWENTKER, | : | |
| Defendant-Appellee. | : | |

Criminal Appeal from the Ashtabula Municipal Court, Case No. 13 TRC 00246.

Judgment: Affirmed.

*Lori B. Lamer*, Assistant Ashtabula City Solicitor, Ashtabula Municipal Court, 110 West 44th Street, Ashtabula, OH 44004 (For Plaintiff-Appellant).

*Michael J. Feldman*, Lallo & Feldman Co., L.P.A., Interstate Square Building I, 4230 State Route 306, #240, Willoughby, OH 44094 (For Defendant-Appellee).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, state of Ohio, appeals the judgment of the Ashtabula Municipal Court, granting appellee, Fred M. Schwentker's, motion to dismiss. At issue is whether the trial court erred in granting Mr. Schwentker's motion to dismiss on speedy-trial grounds. For the reasons that follow, we affirm.

{¶2} On January 26, 2013, Mr. Schwentker was charged with operating a vehicle while under the influence of alcohol ("OVI"), a first-degree misdemeanor, in

violation of R.C. 4511.19(A)(1)(a), and failure to obey a traffic-control device, a minor misdemeanor, in violation of R.C. 4511.12. On February 1, 2013, Mr. Schwentker pled not guilty to both charges and executed a speedy-trial waiver.

{¶3} On March 15, 2013, Mr. Schwentker filed a motion to suppress evidence obtained as a result of a traffic stop. A suppression hearing was held on May 10, 2013. The trial court heard testimony from one witness, Trooper Damien Assink, of the Ohio State Highway Patrol.

{¶4} On direct examination, Trooper Assink testified he was on duty and came into contact with Mr. Schwentker on January 26, 2013, at approximately 1:16 a.m. At the time, Trooper Assink was stationary at the corner of West Avenue and West 29th. He described the intersection as having two lanes, a left lane for traffic proceeding straight ahead and a right-turn-only lane, depicted by markings on the travelled portion of the roadway. Trooper Assink said the left lane was clear and the right lane was snow-covered and unplowed. He observed a silver BMW, operated by Mr. Schwentker, drive straight ahead through the intersection, using the right-turn-only lane. Trooper Assink pulled out, followed the BMW, and initiated a traffic stop in a safe area. Mr. Schwentker provided his driver's license, registration, and proof of insurance. Mr. Schwentker refused to perform any field sobriety tests.

{¶5} On cross-examination, Trooper Assink testified he made a dash-cam video of the incident, which was submitted to the court as Exhibit "A." He said Mr. Schwentker never cut off another driver and did not cause an accident. Mr. Schwentker did not weave or speed. Rather, the only violation Trooper Assink observed was when

2

Mr. Schwentker proceeded through the intersection in the right-turn-only lane, which, as noted above, was snow-covered and unplowed.

{¶6} Following the hearing, the court did not rule on the motion to suppress.

{¶7} As a result, nearly one year after the suppression hearing, on March 28, 2014, Mr. Schwentker filed a motion to dismiss. In his motion, Mr. Schwentker said he was in "limbo" because no judgment was ever rendered on his motion to suppress. Mr. Schwentker said that he could not apply for a new job, get his license, or move out of the area until the court ruled on his motion to suppress.

{¶8} Nearly one year after Mr. Schwentker filed his motion to dismiss, on January 19, 2015, the trial court granted that motion. The court stated in its entry:

> {¶9} UPON CONSIDERATION, the Court originally heard this matter on May 10, 2013 relative to Defendant's Motion to Suppress. The issue raised involves a *de minimus* violation of ORC 4511.12. The violation occurred on a snowy day, and concerned an allegation that Defendant failed to obey a traffic control device. Plaintiff's witness indicated there were markings on the travelled portion of the roadway designating Defendant's lane as a turning lane. Defendant did not turn. Rather, Defendant proceeded on a straight path. He was stopped by the citing officer herein. The evidence established that the road surface was snow covered at the time. Defendant refused all tests requested by the State, and he seeks dismissal of the instant charge based upon a lack of probable cause to stop.

> {¶10} The State of Ohio introduced a video of the alleged violation for the Court's consideration. However, this video was inadvertently placed in an unrelated case file. As a consequence, it was "lost" to the Court for nearly 17 months. The video was discovered when the unrelated matter again came before the Court. The defendant therein had been arrested on an outstanding warrant.

> {¶11} The Court finds Defendant's motion should be granted. *A "speedy trial" issue has arisen herein due to this Court's inadvertence.* (Emphasis added.)

3

{¶12} It is from this judgment that the state filed this appeal and raises the following two assignments of error for our review:

{¶13} "[1.] The trial court's decision to grant [Mr. Schwentker's] motion to suppress was not supported by the facts or the law.

{¶14} "[2.] The trial court erred when it granted [Mr. Schwentker's] Motion to Dismiss."

{¶15} In its first assignment of error, the state argues the trial court erred in granting Mr. Schwentker's motion to suppress. The state alleges the court's decision is not supported by competent, credible evidence.

{¶16} With respect to the standard of review of a judgment ruling on a motion to suppress, this court in *State v. Haynes*, 11th Dist. Ashtabula No. 2012-A-0032, 2013-Ohio-2401, ¶36, stated:

> {¶17} "Appellate review of a motion to suppress presents a mixed question of law and fact." *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶8. During a hearing on a motion to suppress, the trial judge acts as the trier of fact and, as such, is in the best position to resolve factual questions and assess the credibility of witnesses. *State v. Mills*, 62 Ohio St.3d 357, 366 (1992). The appellate court must accept the trial court's factual findings, provided they are supported by competent, credible evidence. *Burnside* at ¶8. Thereafter, the appellate court must determine, without deference to the trial court, whether the applicable legal standard has been met. *Bainbridge v. Kaseda*, 11th Dist. Geauga No. 2007-G-2797, 2008-Ohio-2136, ¶20. Thus, we review the trial court's application of the law to the facts de novo. *State v. McNamara*, 124 Ohio App.3d 706, 710 (4th Dist.1997).

{¶18} However, the trial court never ruled on Mr. Schwenkter's motion to suppress. Since the court did not rule on that motion, there is no judgment granting or denying Mr. Schwenkter's motion to suppress and, thus, there is nothing for us to review.

4

{¶19} Pursuant to Ohio Constitution, Article IV, Section 3(B)(2) and R.C. 2505.03, appellate courts have jurisdiction to review only final orders, judgments or decrees. "'"[T]he entire concept of 'final orders' is based upon the rationale that the court making an order which is not final is thereby retaining jurisdiction for further proceedings. A final order, therefore, is one disposing of the whole case or some separate and distinct branch thereof."'" *Browder v. Shea*, 10th Dist. Franklin No. 04AP-1217, 2005-Ohio-4782, ¶10, quoting *Noble v. Colwell*, 44 Ohio St.3d 92, 94 (1989), quoting *Lantsberry v. Tilley Lamp Co.*, 27 Ohio St.2d 303, 306 (1971).

{¶20} Further, "R.C. 2945.67 and Crim.R. 12([K]) establish the state's right to appeal an adverse ruling on a motion to suppress and the procedure for such appeals." *State v. Bertram*, 80 Ohio St.3d 281, 283 (1997). The state's appeal of the trial court's judgment granting a motion to suppress, made pursuant to R.C. 2945.67, is not a discretionary appeal, but, rather, an appeal as of right. *See State v. Fraternal Order of Eagles Aerie 0337*, 58 Ohio St.3d 166, 168 (1991).

{¶21} Pursuant to Crim.R. 12(K), when the state appeals an order suppressing evidence, the prosecuting attorney must certify that the appeal is not taken for the purpose of delay and that the ruling on the motion has rendered the state's proof with respect to the pending charge so weak that any reasonable possibility of effective prosecution has been destroyed.

{¶22} Because the state certifies that the trial court's ruling granting the motion to suppress has destroyed its case, the court's ruling is, in essence, a final order. *See State v. French*, 72 Ohio St.3d 446, 449 (1995); *State v. Davidson*, 17 Ohio St.3d 132 (1985), syllabus.

5

{¶23} Here, because the trial court never ruled on Mr. Schwenkter's motion to suppress, there is nothing for us to review and, therefore, we can neither affirm nor reverse.

{¶24} In its second assignment of error, the state contends the trial court erred in granting Mr. Schwentker's motion to dismiss.

{¶25} "We review a trial court's decision on a motion to dismiss pursuant to a de novo standard of review." *State v. Rode*, 11th Dist. Portage No. 2010-P-0015, 2011-Ohio-2455, ¶14, citing *State v. Wendel*, 11th Dist. Geauga No. 97-G-2116, 1999 Ohio App. LEXIS 6237, *5 (Dec. 23, 1999).

{¶26} R.C. 2945.71 designates the varying time frames, ranging from 30 days up to 270, in which a defendant must be brought to trial. *See* R.C. 2945.71(A) (minor misdemeanor – 30 days); R.C. 2945.71(B) (third or fourth degree misdemeanor – 45 days; first or second degree misdemeanor – 90 days); R.C. 2945.71(C) (felony – 270 days).

{¶27} As a general proposition, the defendant in a criminal action can waive his speedy-trial rights as long as the waiver is made voluntarily. *State v. King*, 70 Ohio St.3d 158, 160 (1994).

{¶28} On February 1, 2013, Mr. Schwentker pled not guilty to both charges and executed a written, unambiguous speedy-trial waiver in which he waived his rights under R.C. 2945.71, et seq., as well as his federal and state constitutional speedy-trial rights. Therefore, pursuant to *King*, the written waiver was valid.

{¶29} Regarding the duration of a speedy-trial waiver, when such a waiver does not contain any reference to a specific time period, it will be deemed to be unlimited in

6

duration. *See State v. Kuriger*, 175 Ohio App.3d 676, 2008-Ohio-1673, ¶16 (7th Dist.2008); *State v. Peek*, 9th Dist. Wayne No. 10CA0040, 2011-Ohio-3624, ¶6. Mr. Schwentker's speedy-trial waiver did not include a specific time frame or limit. Thus, there was no limit to the duration of his speedy-trial waiver.

**{¶30}** However, a criminal defendant can withdraw or revoke his speedy-trial waiver. "'[F]ollowing an express written waiver of an unlimited duration by an accused of his speedy trial rights[,] the accused is not entitled to a discharge for delay in bringing him to trial unless the accused files a formal written objection to any further continuances and makes a demand for trial, following which the state must bring him to trial within a reasonable time.'" *State v. Braden*, 197 Ohio App.3d 534, 2011-Ohio-6691, ¶41 (11th Dist.), quoting *State v. O'Brien*, 34 Ohio St.3d 7, 9 (1987).

**{¶31}** It is undisputed that appellant filed a speedy-trial waiver of unlimited duration. It is also undisputed that he never filed a formal written objection to any further continuances and never made a demand for trial. Thus, *Braden* does not apply here.

**{¶32}** However, the Sixth District has held that the filing of a motion to dismiss *based on speedy-trial grounds* also acts to revoke a prior speedy-trial waiver. *Toledo v. Burns*, 6th Dist. Lucas No. L-13-1017, 2014-Ohio-1669, ¶13, citing *Toledo v. Sauger*, 179 Ohio App.3d 285, 2008-Ohio-5810, ¶19 (6th Dist.).

**{¶33}** While appellant filed a motion to dismiss, that motion was not expressly based on speedy-trial grounds. Thus, in order for the rule in *Burns* and *Sauger* to apply here, the trial court would have had to construe appellant's motion to dismiss as being based on speedy-trial grounds. The circumstances in which appellant's motion to

7

dismiss was filed and the language of the motion itself support such construction. For example, (1) the suppression hearing was held one year before the motion to dismiss was filed; (2) the trial court had still not ruled on the motion to suppress when the motion to dismiss was filed; and, (3) Mr. Schwentker stated in his motion to dismiss that as a result of the court's inaction, he had been "in limbo" in that he had been unable to apply for a new job; obtain his license; or move out of the area until the trial court ruled on his motion to suppress. Further, the language of the trial court's judgment granting Mr. Schwentker's motion to dismiss indicates that the court construed his motion as being based on a speedy-trial violation. Specifically, the court stated in its judgment that "a 'speedy trial' issue has arisen herein due to this Court's inadvertence." Because the trial court reasonably construed Mr. Schwentker's motion to dismiss as being based on speedy-trial grounds, pursuant to *Burns* and *Sauger*, Mr. Schwentker's motion acted to revoke his speedy-trial waiver.

{¶34} Thus construed, the time began to run for speedy-trial purposes on the day Mr. Schwentker filed his motion to dismiss (March 28, 2014). *Burns, supra.* As a result, pursuant to R.C. 2945.71(B), the state had 90 days from March 28, 2014, in which to bring Mr. Schwentker to trial, i.e., until June 30, 2014. *Id.* The state failed to bring him to trial within that period of time. In fact, nearly one full year passed after Mr. Schwentker filed his motion to dismiss before the trial court granted it. As a result, Mr. Schwentker's right to a speedy trial was violated, and the trial court did not err in granting his motion to dismiss.

{¶35} For the reasons stated in this opinion, the assignments of error lack merit and are overruled. It is the order and judgment of this court that the judgment of the Ashtabula Municipal Court is affirmed.


TIMOTHY P. CANNON, P.J., concurs,

COLLEEN M. O'TOOLE, J., concurs in judgment only.