[Cite as *Conneaut v. Babcock*, 2022-Ohio-2101.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

CITY OF CONNEAUT,

      Plaintiff-Appellee,

- v -

RUDOLPH BABCOCK,

      Defendant-Appellant.

**CASE NO. 2021-A-0045**

Criminal Appeal from the
Conneaut Municipal Court

Trial Court No. 2021 CRB 00037

## O P I N I O N

Decided: June 21, 2022
Judgment: Affirmed

*John D. Lewis,* Law Director, City of Conneaut, 294 Main Street, Conneaut, OH 44030 (For Plaintiff-Appellee).

*Christopher M. Newcomb,* 213 Washington Street, Conneaut, OH 44030 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Rudolph Babcock, appeals from the judgment of the Conneaut Municipal Court, convicting him, after accepting his plea of no contest, for discharging a firearm or gun, in violation of Conneaut Municipal Code Section 549.08(A), a misdemeanor of the fourth degree. At issue is whether appellant's speedy-trial rights were violated and whether the conviction under section 549.08(A) is valid and constitutional. We affirm.

{¶2} On February 12, 2021, a City of Conneaut police officer was dispatched in response to a report that an individual had discharged a firearm within the city limits. The

complainant asserted his neighbor, appellant, shot a gun into a tree and, as appellant walked towards his deck, a squirrel fell from the tree. Apparently, the neighbor had a video recording of appellant with the gun in his hand after the incident. The gun was never identified or inspected, but the state and appellant agreed it was either a "rifle" or "pellet gun." The video was not made part of the record.

{¶3} On February 18, 2021, a complaint was filed tracking the language of Section 549.08(a) of the Codified Ordinance of the City of Conneaut, alleging appellant "did discharge any air gun, rifle, shotgun, revolver, pistol or other firearm within the City of Conneaut * * *." On March 1, 2021, the court's bailiff attempted service at appellant's residence. The return of service indicated "no service," and noted that "no one home at the time but I believe defendant still resides at the residence." Later, on March 8, 2021, service was again attempted at the residence but failed. On the return of service, the bailiff noted "I made several attempts at the front and rear door. I left business cards. There [have] been vehicles in the driveway and they have been gone. I made at least five attempts at different times." Due to the failure of service, an arrest warrant was issued.

{¶4} On July 27, 2021, appellant voluntarily appeared in court on the outstanding warrant and was formally served with the complaint. Appellant pleaded not guilty and issued a general waiver of his right to a speedy trial. On August 27, 2021, however, appellant filed a motion to dismiss, alleging a speedy trial violation and challenged the constitutionality of the underlying ordinance. Regarding the first point, appellant claimed he did not attempt to evade service, and, in effect, the state failed to exercise due diligence to accomplish service. Appellant claimed his speedy-trial clock commenced

2

Case No. 2021-A-0045

upon the issuance of the certified complaint. Because he was charged with a misdemeanor of the fourth degree, the state was statutorily required to bring him to trial within 45 days. With respect to his constitutional arguments, he maintained (1) he was charged with firing an "air gun," but neither ordinance nor the Ohio Revised Code defines that term for purposes of discharging a firearm; (2) he asserted the ordinance is unconstitutional because it conflicts with state and federal law; and (3) the ordinance is unconstitutional because it contains more than one subject. The state duly opposed the motion, and appellant filed a reply.

{¶5} On September 20, 2021, the trial court filed its judgment entry denying appellant's motion. On the following day, appellant, via counsel, executed a second waiver of his speedy trial rights and, again, on October 25, 2021, a third waiver was filed. Finally, on November 21, 2021, appellant entered a plea of no contest to the charge. He was sentenced to 30 days in jail, with 30 days suspended and fined $250. This appeal follows.

{¶6} Appellant's first assignment of error provides:

{¶7} "The trial court committed prejudicial error by overruling appellant's motion to dismiss based upon R.C. 2945.71 (time for trial) by failing to correctly determine the commencement of appellant's speedy trial time and by failing to conduct an adequate hearing regarding the same."

{¶8} Appellant asserts that his speedy trial timeline commenced upon the issuance of the complaint and summons on February 18, 2021 and, as a result, the city had to try him by April 5, 2021, 45 days after this date. Alternatively, he asserts that even if the issuance of the arrest warrant, on March 23, 2021, was the proper date to measure

3

his statutory speedy trial right, May 9, 2021 was the latest date to try him within the legal timeframe. Moreover, appellant emphasizes that, even though the court's bailiff attempted service on various occasions, there is nothing to indicate that the state was reasonably diligent in attempting to perfect service. Under any of these arguments, appellant claims the trial court erred in denying his motion to dismiss. We disagree.

{¶9} Appellant was charged with a misdemeanor of the fourth degree and thus, was required to be brought to trial "within forty-five days after the person's arrest or the service of summons * * *." R.C. 2945.71(B)(1). Here, service was not perfected, despite multiple attempts, because no one at appellant's residence was home when service was attempted or, if home, did not answer the door. Moreover, although an arrest warrant was issued, appellant was never formally arrested. Instead, he appeared at the court voluntarily on July 27, 2021. On this date, service was completed, and appellant signed an express speedy-trial waiver of unlimited duration.

{¶10} "Regarding the duration of a speedy-trial waiver, when such a waiver does not contain any reference to a specific time period, it will be deemed unlimited in duration." *State v. Schwentker*, 11th Dist. Ashtabula No. 2015-A-0012, 2015-Ohio-5526, ¶29. "'[F]ollowing an express written waiver of unlimited duration by an accused of his speedy trial rights the accused is not entitled to a discharge for delay in bringing him to trial unless the accused files a formal written objection to any further continuances and makes a demand for trial, following which the state must bring him to trial within a reasonable time.'" *State v. Braden*, 197 Ohio App.3d 534, 2011-Ohio-6691 (11th Dist.), ¶41, quoting *State v. O'Brien,* 34 Ohio St.3d 7, 9 (1987). Ordinarily, speedy-trial time would start the day after service. *See State v. Kist*, 173 Ohio App.3d 158, 2007-Ohio-

4

4773, ¶24. Because, however, appellant executed a general waiver of his speedy trial rights on July 27, 2021, the clock did not commence.

{¶11} On August 27, 2021, appellant filed a motion to dismiss based upon, among other things, an alleged violation of his speedy trial rights. Pursuant to *O'Brien*, *supra*, at paragraph two of the syllabus, this pleading could be construed as a "formal written objection and demand for trial." However, "[a] motion to dismiss acts to toll the time in which a defendant must be brought to trial, and such a motion tolls the statutory time until the trial court issues it its decision on the motion." *State v. Evans*, 11th Dist. Trumbull No. 2003-T-0132, 2005-Ohio-1787, ¶38. As such, speedy-trial time was tolled from August 27, 2021 until September 20, 2021, the date the trial court issued its judgment denying the motion. The next day, on September 21, 2021, appellant's counsel filed a motion for continuance of trial and another general, speedy-trial waiver of unlimited duration. Based on the continuance, trial, which was set for September 23, 2021, was reset for October 25, 2021. *See* R.C. 2945.72(H) (the time in which an accused must be brought to trial is extended by the period of any continuance brought upon the accused's motion). The speedy-trial waiver functioned to stop the statutory clock. Regardless of the second unlimited waiver, however, speedy trial would have been tolled, due to appellant's motion for a continuance, through October 25, 2021.

{¶12} Further, although trial did not proceed on October 25, 2021, appellant entered an additional general waiver of speedy trial on that date. It would seem that the previous waiver, filed on September 21, 2021 was sufficient; still, this final waiver conclusively demonstrates appellant's statutory right to a speedy trial was not violated.

5

Case No. 2021-A-0045

Indeed, given the various waivers as well as the tolling events, not one day was chargeable to the state.

{¶13} Finally, appellant claims that, in originally attempting service, the state was not reasonably diligent in its efforts. Appellant cites to R.C. 2901.13(F) in support of his claim. That statute, however, addresses statutes of limitations for criminal prosecutions. There is no claim that the state failed to prosecute the underlying charge within the applicable statute of limitations. In light of our previous analysis, appellant's assertion is therefore irrelevant to this case.

{¶14} Appellant's first assignment of error lacks merit.

{¶15} Appellant's second assignment of error provides:

{¶16} "The trial court committed prejudicial error in denying appellant's motion to dismiss on grounds that appellee unconstitutionally violated appellant's rights without proper passage of a municipal ordinance or resolution pursuant to R.C. 731.17 by failing to determine that ordinance section 549.09 and ordinance No. 70-17 are invalid."

{¶17} Under this assignment of error, appellant argues that his charge was premised upon his possession and discharge "of what is known as a 'spring gun' or 'BB gun.'" He maintains this "gun" is not prohibited by the ordinance under which he was charged. As such, he maintains the charge and conviction are invalid.

{¶18} Section 549.08(a) provides, in relevant part: "No person shall discharge any air gun, rifle, shotgun, revolver, pistol or other firearm within the City of Conneaut * * *." Although appellant attempts to argue the gun at issue was a "spring gun" or a "BB gun," he conceded, at his plea hearing, he possessed either a "rifle or pellet gun." The gun was neither thoroughly examined by the charging officer nor did appellant surrender the gun

6

for inspection by an expert to determine its nature. And, because he pleaded no contest to the charge, the sufficiency of the evidence (i.e., whether the gun was a prohibited gun under the ordinance) was never ultimately challenged. A pellet gun, to the extent it does not expel projectiles by a combustible or explosive propellent, utilizes air to propel pellets or projectiles. As such, a pellet gun can be reasonably viewed as an "air gun" which is prohibited under the ordinance. Moreover, a rifle is also listed as a prohibited "gun" under the ordinance. Consequently, by pleading no contest and conceding the gun was *either* a rifle *or* a pellet gun, we discern no legal problem with appellant's conviction.

{¶19} Next, appellant asserts that, to the extent the "gun" in question could be considered an "air gun" (which is prohibited by the ordinance), neither the ordinance nor the Ohio Revised Code specifically defines such a weapon for purposes of the "discharging a firearm" prohibition. As a result, he appears to maintain the ordinance is unconstitutionally vague.

{¶20} Although the ordinance at issue is captioned "Discharging Firearms," a "firearm" is a term of art which contemplates a "gun" which expels projectiles "by the action of an explosive or combustible propellent" *See* R.C. 2923.11(B)(1). The ordinance under which appellant was charged is broader and contemplates the prohibition of the discharge of "firearms" as well as "guns" that utilize compressed air to propel pellets, etc. Appellant conceded he either fired a rifle or a pellet gun. A rifle can be either a "firearm" or an "air rifle," i.e., either use a combustible or explosive propellent or compressed air to propel projectiles. While a pellet gun does not commonly use a combustible or explosive propellent, it does typically utilize compressed air. We recognize the term "air gun" is not defined. When words are not defined in a statute, however, they are given their plain and

7

ordinary meaning, absent a contrary legislative intent. *State v. Conyers*, 87 Ohio St.3d 246, 249-250 (1999). The common meaning of an air gun is a "gun" using compressed air to fire a projectile. Merriam-Webster, "air gun," www.merriam-webster.com/dictionary/air%20gun (accessed May 24, 2022). In light of the foregoing, we conclude appellant was on reasonable notice of what the ordinance prohibits, and thus the ordinance is not unconstitutionally vague.

{¶21} Similarly, any argument appellant attempts to make asserting the ordinance is unconstitutional as violative of due process must fail. He pleaded no contest to shooting either a pellet gun or a rifle. As just discussed, in conceding he either shot a pellet gun or a rifle, he was reasonably aware that the action for which he was charged was prohibited under the ordinance at issue.

{¶22} Appellant next asserts the ordinance at issue, when it was amended, violates R.C. 731.17 and Section III-3(B) of the Conneaut City Charter because it contravenes the "one-subject" rule. The one-subject rule is a constitutional provision set forth under Section 15(D), Article II of the Ohio Constitution. It does not appear, nor is it referenced under R.C. 731.17, which directs "Procedures for Legislation." That statute provides:

{¶23} (A) The following procedures shall apply to the passage of ordinances and resolutions of a municipal corporation:

{¶24} (1) Each ordinance and resolution shall be read by title only, provided the legislative authority may require any reading to be in full by a majority vote of its members.

{¶25} (2) Each ordinance or resolution shall be read on three different days, provided the legislative authority may dispense with this rule by a vote of at least three-fourths of its members.

8

{¶26} (3) The vote on the passage of each ordinance or resolution shall be taken by yeas and nays and entered upon the journal.

{¶27} (4) Each ordinance or resolution shall be passed, except as otherwise provided by law, by a vote of at least a majority of all the members of the legislative authority.

{¶28} (B) Action by the legislative authority, not required by law to be by ordinance or resolution, may be taken by motion approved by at least a majority vote of the members present at the meeting when the action is taken.

{¶29} Section III-(B) provides: "No ordinance or resolution shall contain more than one subject matter, which subject shall be clearly expressed in its title."

{¶30} A review of the statute demonstrates that the one-subject rule is unrelated to R.C. 731.17. Still, we shall address appellant's argument because the one-subject rule is a viable constitutional provision and is included in the Conneaut City Charter. The constitutional one-subject rule "is merely directory in nature; [and] while it is within the discretion of the courts to rely upon the judgment of the General Assembly as to a bill's compliance with the Constitution, a manifestly gross and fraudulent violation of this rule will cause an enactment to be invalidated." *State ex rel. Dix v. Celeste*, 11 Ohio St.3d 141 (1984), syllabus. Appellant claims that, via Ordinance No. 70-17, Section 549.08 was amended to include (1) an exception for gun clubs to discharge firearms within the city; and (2) added the term "air gun" to other forms of weapons prohibited. He asserts these provisions envelop more than one-subject and thus the amendment was invalid.

{¶31} Appellant's argument assumes that both provisions were added by Ordinance No. 70-17. The record, however, does not substantiate that these provisions first appeared in Section 549.08 via Ordinance No. 70-17. Assuming both of these provisions were added to the amended ordinance via Ordinance 70-17, however, it is

9

unclear how their additions are violative of the one-subject rule. The addition of "air guns" to the ordinance, regardless of whether the term is otherwise defined in the code, simply prohibits an additional "gun" which may not discharge in the city. And, by allowing gun clubs to discharge listed "firearms" in the city, the amendment merely creates an exception to the previously existing prohibitions. The one-subject rule exists to prohibit disunity in subject matters of statutes. *See Dix*, *supra*, at 146. We discern no disunity by including "air guns" in the ordinance's prohibition and, at the same time, setting forth entities that are not excluded by the ordinance's prohibition.

{¶32} Finally, appellant makes various obscure arguments suggesting the amendment of Section 549.08 somehow did not meet necessary statutory or constitutional formalities. In particular, he argues that Ordinance No. 70-17 added the term "air gun" without a referenced definition. In this regard, he asserts it is vague or ambiguous. Additionally, he contends the addition of this term violates Section III-3(D) of the Conneaut City Charter, which provides: "Revisions and Amendments. No ordinance or resolution shall be revised or amended unless the entire language of the section being amended is included in the ordinance or resolution; in which case, the original section of the ordinance or resolution shall be repealed."

{¶33} First, appellant's assertion that the term "air gun" is undefined does not specifically run afoul of R.C. 731.17, nor does it render the amendment vague. Given its plain meaning, we discern no vagueness in this definition.

{¶34} Moreover, appellant's contention that the amendment to Section 549.08, which he alleges, included the term "air gun" for the first time, violates Section III-3(D) is, in light of the record, not persuasive. Although a certified copy of Ordinance No. 70-17

10

was included in the record, and that copy does not include a direct statement that a previous version was repealed by that measure, Section III-3(D) does not specifically require such verbiage. Instead, it states that a revision or amendment (which would include the entire language of the revised or amended section) *shall* function to repeal the original section. The operative "shall" language indicates that the act of revision or amendment itself, to the extent the revision or amendment is otherwise procedurally valid, functions, by its passage, to repeal the previous version. We therefore see no issue with Ordinance 70-11 and its impact on Section 549.08.

{¶35} Appellant did not produce any evidence of procedural irregularities in the ordinance's amendment that would suggest a statutory or constitutional violation. As a result, appellant's challenges are overruled.

{¶36} Appellant's second assignment of error lacks merit.

{¶37} For the reasons discussed above, the judgment of the Conneaut Municipal Court is affirmed.

THOMAS R. WRIGHT, P.J.,

MARY JANE TRAPP, J.,

concur.